McKinley-Lanning Loan & Trust Company, appellee, v. Francis G. Hamer et al., appellants.

Filed November 18, 1897. No. 7450.

Judicial Sales: Caveat Emptor: Decree: Appraisement. Purchasers at judicial sales must take notice of the terms of the decree. Where that and an order of sale issued in pursuance thereof differ, the decree governs, and it will not be presumed that bidders were misled or prevented from bidding by the variance.

APPEAL from the district court of Buffalo county. Heard below before HOLCOMB, J. *Affirmed.* ·

*Francis G. Hamer*, for appellants.

*William Gaslin, contra.*

IRVINE, C.

This is an appeal from an order confirming a foreclosure sale. The first reason urged for setting aside the sale is that the decree finds the debt to be due from Francis G. Hamer alone, while the order of sale recites that it is due from Hamer and two other defendants. It is argued that this would mislead purchasers, inducing them to believe that as there were three debtors the chances of appeal would be three times as great as if there were one. It has often been said that the decree in such matter governs. Indeed the order of sale need not be issued. It confers no additional power on the officer, and seems to have been the invention of some astute clerk rather than a creature of the law. Purchasers are bound to take notice of the decree, and we cannot presume, at least in the absence of a showing to that effect, that the order of sale misled any one or operated to prevent bidding.

Complaint is made that the appraisers did not appraise the land on actual view thereof, and did not appraise it at what they considered its real value, but at what they thought the plaintiff would be willing to give for it. There is no proof of such facts in the record, although an affidavit of that character appears in the record of another case between the same parties decided herewith, and in that case the point was not suggested in the briefs. The two records seem to have become confused in the district court, because we do find in the bill of exceptions affidavits of the sheriff and both appraisers showing that the appraisement was on actual view and that it was for what they considered the land's full value.

The other questions presented are all decided in the recent cases of *Nebraska Land, Stock-Growing & Investment Co. v. McKinley-Lanning Loan & Trust Co.*, 52 Neb., 410, decided October 6, 1897, or *Hamer v. McKinley-Lanning Loan & Trust Co.*, decided herewith, and must be determined adversely to the appellants.

AFFIRMED.