JACOB A. DUPEE, APPELLANT *v.* SALT LAKE VALLEY LOAN & TRUST COMPANY. RESPONDENT.

MORTGAGE FORECLOSURE — DEBT NOT ALL DUE — EFFECT OF LIS PENDENS AS TO ENTIRE DEBT — DECREE OF PARTIAL FORECLOSURE — SALE UNDER PARTIAL FORECLOSURE — CONTINUATION OF PRINCIPAL . LIEN — RECITAL IN CERTIFICATE, NOTICE OR DEED NOT NECESSARY — NOTICE OF LIS PENDENS — OBJECT OF LIS PENDENS DEFINED — PARTIES BOUND BY DECREE — REDEMPTION ONLY SUBJECT TO CONDITIONS IMPOSED — RIGHTS ACQUIRED BY REDEMPTION — PARTIAL FORECLOSURE — LIEN OF REMAINDER OF DEBT PRESERVED — SUBSEQUENT MATURITY OF ENTIRE DEBT — MOTION UNDER SEC. 3502 R. S. 1898 — NOTICE NECESSARY — EQUITY PRACTICE — PARTIAL FORECLOSURE — CONTROL OF EQUITY

Courts — Mortgage Sales — First Sale Subject to Lien of
Main Debt—Right of Redemptioner—At Second Sale—Par-
tial Foreclosure — Purchase by Mortgagee — Receipt of
Deed—Satisfaction of Whole Debt — Redemption by Mort-
gagor or Judgment Creditor — Lien of Main Debt — Subse-
quent Foreclosure.

*Mortgage Foreclosure—Debt not all Due—Effect of Lis Pendens as
to Entire Debt.*

Mortgaged premises may be sold under foreclosure to satisfy a
portion of a debt due and if a lis pendens was filed at the
commencement of the proceedings the lien of the entire debt
may be continued and preserved by the decree of partial
foreclosure, as against subsequent incumbrances or redemp-
tioners.

*Sale under Partial Foreclosure—Continuation of Principal Lien —
Recital in Certificate, Notice or Deed not Necessary.*

Where a decree of foreclosure, for the due portion of a mort-
gage debt, recites the continuance of the lien for the undue
portion, and a sale is had thereunder after an announcement
by the officer to that effect, it is not necessary that such
announcement be incorporated in the certificate, notice or
deed.

*Notice of Lis Pendens—Object of—Lis Pendens Defined.*

The object of Notice of Lis Pendens is to keep the *res* within
the power of the court until final decree; and Lis Pendens
may be defined to be the jurisdiction power or control which
courts acquire over property involved in a suit, pending the
continuance of the action and until its final judgment therein.

*Parties Bound by Decree — Redemption only Subject to Conditions
Imposed—Rights Acquired by Redemptioner.*

Parties, purchasers and redemptioners in foreclosure proceed-
ings are bound by the decree; redemption can be made sub-
ject to the conditions therein imposed; and a redemptioner
by redeeming becomes the assignee of the purchaser, suc-
ceeds only to his rights and cannot be heard to claim under
one portion of a decree and repudiate the balance.

*Partial Foreclosure—Lien of Remainder of Debt Preserved—Subse-*

quent *Maturity of Entire Debt — Motion under Sec. 3502 R. S. 1898—Notice Necessary.*

> The respondent having redeemed from the purchaser at a sale under a decree of foreclosure for a portion of the mortgage debt, and the lien of the mortgage remaining in force, by the terms of the decree, after the sale, it was proper for the mortgagee, after maturity of the entire debt, to apply to the court on motion, after notice to the attorney of record, for an order for the sale of the property under Sec. 3502 R. S. 1898, and the redemptioner was not entitled to notice of the motion.

*Equity Practice—Partial Foreclosure—Control of Equity Courts.*

> Where only a part of a mortgage debt is due and foreclosure on that part is desired, but the mortgaged premises cannot be sold in parcels without injury, it is the better practice to make a complete showing to the court and have a decree entered accordingly; mortgage sales in equity will be controlled by courts of equity so that no injustice may be done to either party.

*Mortgage Sales—First Sale Subject to Lien of Main Debt — Rights of Redemptioner—At Second Sale.*

> The first sale from which respondent redeemed having been made subject to the lien of principal and interest of the mortgage debt referred to in the decree and which formed the basis of the subsequent sale, all rights of the respondent except the right to redeem therefrom were extinguished by the subsequent sale.

*Partial Foreclosure — Purchase by Mortgagee — Receipt of Deed — Satisfaction of Whole Debt—Redemption by Mortgagor or Judgment Creditor—Lien of Main Debt—Subsequent Foreclosure.*

> Where a foreclosure of a mortgage is had before the whole debt is due, and a decree directs a sale for the debt due, subject to the lien for the part not due, if the mortgagee the holder of the entire debt, purchases and receives a deed for the premises, it will be a satisfaction of the whole debt, but if redemption is made from the purchaser by the mortgagor, or judgment creditor of the mortgagor, the debt not due at sale and the lien will remain in force, and the mortgagee may again foreclose as to it.

(Decided June 24, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. Ogden Hiles, *Judge.*

Action in ejectment to recover possession of property admitted to be in the possession of defendant. Both parties claim title through a foreclosure proceeding and a mortgage given by John W. Jones and wife to plaintiff. From a judgment and decree for defendant, plaintiff appeals. *Reversed.*

*Messrs. Stephens & Smith,* for appellant.

As sustaining our position that the Salt Lake Valley Loan & Trust Co. took said premises through Stephens subject to the lien of the $6,000, we cite the following authorities:

*Weiner* v. *Heintz,* 17 Ills. 259; *Edgerton* v. *Young,* 43 Ills. 468.

We contend that the plainest principles of justice require that Mr. Dupee should still have a lien upon the property for the balance of the indebtedness, and that it would be the grossest injustice to permit the defendant to take the property free from the lien of the plaintiff. *Brinckerhoff* v. *Thallhimer,* 2 Johns. Ch. 459; *Van Doren* v. *Dickinson,* 33 N. J. Eq. 392; *Lansing* v. *Goelet,* 9 Cowen, 361; *Ellis* v. *Craig,* 7 Johns. Ch. 14; *Am. Land F. I. T. Co.* v. *Riason,* 2 N. J. Eq. 9; Rorer on Judicial Sales, Sec. 232-234.

A motion for a further foreclosure upon default was the proper practice. *Bank of Napa* v. *Godfrey,* 77 Cal. 612.

The United States Supreme Court has also passed upon the question of selling property subject to certain claims, in the case of *Central Trust Co.* v. *Grant's Locomotive Works,* found in 135 U. S., 207, Lawyer's Co-operative Edition, 34, page 103, in which Chief Justice Fuller cites

with approval the opinion in *Swann* v. *Wright's Executor*, 110 U. S., 590, Lawyers Co-operative Edition, book 28, page 262.

. The authorities are uniform that the rule of *caveat emptor* applies to purchasers at judicial sales. *Sackett* v. *Twining*, 18 Pa. St., 199, 57 Am. Dec., 599. *McGhee* v. *Ellis*, 14 Am. Dec., 124. *Danley* v. *Rector*, 10 Ark. 211, 50th Am. Dec., 242.

Our next contention is, that the defendant having acquired its interest, if any, in this property, pending the litigation in the foreclosure suit and before the final decree, was a purchaser *pendente lite*. *Whittaker* v. *Greenwood*, Utah, 53 Pac., 736.

A purchaser at a judicial sale must take notice of the terms of the decree. *McKinley* v. *Hamer*, 72 N. W. Rep., 1042, 13 Enc. 870. Bennett on *lis pendens*, Sec. 12. Cases cited.

But *lis pendens* only terminates at that time when the court ceases to have full jurisdiction. Bennett on *lis pendens*, Sec. 2. 13 Enc. 887.

A purchaser at a judicial sale, after examination of the records of the suit pending in the county in which the sale is made, is a purchaser with notice of the pendency of the suit, and is bound by the whole record and all its disclosures. *Smith* v. *Kimball*, Kansas, 13 Pac., 801. See 72 Ills. App., 228. Black on Judgments, 550.

*Messrs. Pierce, Critchlow & Barrette,* for respondent.

It must be remembered that this is a case at law, not a case in equity. If the plaintiff had at any time applied, or should in the future apply, to a court of equity to reinstate his lien for $6,000, it will be time enough to discuss the principles of merger and to determine whether he has made such a case as a court of equity will entertain. As

bearing particularly however, upon this point in question, we direct attention to 2 Jones on Mortgages, (5th ed.) Sec. 1577; *Harms* v. *Palmer*, 73 Ia. 446, 5 Am. St. Rep. 691; *Poweshiek County* v. *Dennison*, 14 Am. St. Rep. 321; *Grattan* v. *Wiggins*, 23 Cal. 16; 2 Jones on Mortgages, (5th ed.) Sec. 1619; *Smith* v. *Smith*, 32 Ill. 138.

But we insist that even if the court does find that the lien of the $6,000 note of Dupee was reserved in his favor he cannot, nevertheless, prevail in this action, for the reason that his foreclosure, resulting in the sheriff's deed under which he claims in this action, did not carry the right of possession against the defendant for the reason that it was not a foreclosure against the defendant; that the defendant occupies the position of a transferee of the equity of redemption and being in possession has a right to maintain it until by proper proceedings he is foreclosed. *Nims* v. *Sherman*, 43 Mich. 45; 2 Jones on Mortgages, Sec. 1615, Sec. 1619; 2 Freeman on Executions, Sec. 304c, 304e.

A person in possession or mortgagee cannot be ousted in an action of ejectment by the owner of the legal title. *Bryan* v. *Kales*, 162 U. S. 411-5.

### STATEMENT OF FACTS.

This is an action in ejectment brought to recover possession of property admitted to be in possession of the defendant. Both parties claim title through a foreclosure proceeding and a mortgage given by John W. Jones and wife to plaintiff John A. Dupee. Dupee foreclosed the mortgage. On the 11th day of April, 1892, Jones and wife gave a trust deed to the property in controversy, to secure the payment to appellant Dupee of the sum of $6,000, and interest, wherein Jones and wife covenanted to pay all taxes, assessments, and certain ground rents, with a provision that if these agreements and covenants

were not fulfilled that Dupee could pay the same, and the amount so paid should be considered and treated as a part of the amount secured by the trust deed, payable forthwith, and that upon any breach of the covenants the trust deed might be foreclosed to pay the amount of the indebtedness, ground rent, taxes, and interest. Default was made in the payment of ground rent and taxes, which appellant paid, and on the 26th day of January, 1893, an action was commenced against Jones and wife, to foreclose the trust deed for the full amount of principal, interest, ground rent and taxes. *Lis Pendens* was filed on the same day in the office of the county recorder, containing the names of the parties, a description of the property and notice of the action.

Defendant Jones filed his answer denying the appellant's right to foreclose. The case was tried on the 2d day of May, 1893, and a decree of foreclosure and order of sale made May 13, 1893. In this proceeding the court found that there was due the plaintiff from Jones and wife, $292, with interest, that being the sum paid for ground rents and taxes. The court also found "that plaintiff is not entitled to a foreclosure for the entire sum secured by the note and mortgage described in the plaintiff's complaint, and that plaintiff is entitled only to a foreclosure for the amount of taxes and ground rents paid by the plaintiff upon the premises covered by the said mortgage, and protected by the same; and that the principal sum of six thousand dollars and interest thereon remains a lien upon said premises, and that plaintiff is not entitled to foreclose the same until further breach of covenants in said trust deed or mortgage."

On the 31st day of July, 1893, the property in controversy was sold in one parcel by the acting United States Marshal, J. B. Timmony, on said decree to Frank B.

Stephens, for $397.60, that being the amount of the decree and expenses. The notice of sale contained a description of the property in question without reservation. There was present at the sale the marshal, Mr. Stephens, and Mr. Hurd, the attorney for Jones. At the time the property was offered for sale the marshal announced that the property would be sold subject to the lien of $6,000 referred to in the decree, and that part of the decree was read at the sale. A certificate of sale was filed with the county recorder.

On the 14th day of October, 1893, before the time for redemption had expired, the respondent redeemed the property in controversy, basing it upon a judgment against Jones and wife in favor of the National Bank of the Republic, for the sum of $215, which was assigned to respondent. The notice of redemption recited that it was made under a mortgage dated September 18, 1893, given by Jones and wife to the respondent for the sum of $2,500. This last named mortgage was given to secure a promissory note dated April 1, 1891. Six months having elapsed after the sale the Marshal executed a deed for the property to the respondent, by virtue of such redemption. The respondent claims title under this deed. Thereafter Jones defaulted in payment of interest upon the principal. On October 20, 1894, the appellant Dupee, made a motion in said cause for a further decree of foreclosure and sale because of such default in the payment of interest. Notice of this motion was served on the attorney for Jones. On the hearing February 6, 1895, the principal having become due the court made a decree and order of sale reciting the former decree, and that the property was first sold subject to the lien of said principal sum; that the principal sum with interest had become due, and entered a judgment for the sum of $6,511.20, with attorney's fees and costs,

ordered the property to be sold to satisfy the same, and that the defendants and all other persons claiming to have acquired any interest in the premises subsequent to the filing of said notice of *lis pendens*, be barred and foreclosed. The property was sold under this decree May 24th, 1895, after due notice to appellant Dupee, for the sum of $6925.35, and a certificate of sale duly recorded. On December 4, 1895, the Marshal conveyed the property to appellant under such sale. The appellant claims under this deed.

The record shows that the attorney for the respondent, testified, in substance, that the judgment was purchased by respondent at a small discount in order to make the redemption, and that the second mortgage was given to secure a prior indebtedness and to tack it on the judgment if the appellant should redeem from the respondent. That he examined the first decree and consulted with Mr. Hurd, the attorney of record for Mr. Jones as to the legal effect of the decree, and that he heard there was a lien for a part of the amount mentioned in the mortgage; that he saw it in the papers in the case. The case was tried by the court without a jury. Findings were made and judgment rendered in favor of the defendant corporation. From this judgment the plaintiff appeals.

### OPINION.

After stating the facts, MINER, J., delivers the opinion of the court.

It is urged by the respondent that in the Marshal's deed to Stephens, and in his notice and certificate of sale no mention was made that the sale was had subject to the lien for the principal sum due upon the mortgage, as provided in the decree, and that the respondent took the property by its redemption free from the lien claimed to be reserved in the decree, and that the sale to Stephens without such reservation vested the title in the respondent

as redemptioner.  At the time the decree was entered the court found that no part of the principle was due, but did find that the ground rents and taxes were due and had been paid by the plaintiff under the provisions of the deed, and granted a decree for the sale of the property for that amount, but decreed that the plaintiff was not then entitled to a foreclosure for the entire sum secured by the mortgage; that the principal sum of six thousand dollars and interest still remained a lien on the mortgage premises, and that the plaintiff was not entitled to foreclose the same for that sum until a further breach of covenants in the trust deed.

The record shows that *lis pendens* was duly filed; that the marshal at the time of the first sale publicly announced that it was made subject to the lien of the mortgage and publicly read the clause in the decree providing that the mortgage was a lien upon the premises for the remaining debt secured to be paid by the mortgage.  It is claimed that evidence of this announcement was not admissible. We are of the opinion that this evidence was admissible. It shows that independent of the decree the appellant did not intend to waive or release the lien of the mortgage for the balance of the debt covered by the decree, and that all persons at the sale had notice of the lien reserved in the decree outside of the notice contained in the decree itself. The decree directed the principal sum owing upon the mortgage to remain a lien upon the premises, and the first sale was made under an announcement by the Marshal to that effect.   There is nothing in the statute requiring such announcement to be incorporated into the certificate, notice, or deed, and the failure of the marshal to so incorporate it does not modify or affect the original decree, or waive or release the lien reserved in the decree.   The marshal had no power to set aside or annul a decree of the

court.    It was sufficient in this case, although not of vital importance, that the marshal announced the lien at the time of the sale.    By this means all persons present, including the attorneys in the case, had actual notice. *Hughes & McCurt* v. *Frisby*, 81 Ill. 198; *Boyer* v. *Chandler*, 106 U. S. 394; 2 Jones on Mortgages, Sec. 1547.

When the foreclosure suit was commenced a *lis pendens* was filed.    The defendants and their attorneys knew of and had actual notice of the pendency of the action, and the subsequent rendition of the decree, and that the mortgage lien was still upon the land.    The object of notice of *lis pendens* is to keep the subject of the suit or *res* within the power and control of the court until the judgment or decree shall be entered, so that courts can give effect to their judgments and that the public shall have notice of the pendency of the action. (*Lis pendens* may be defined to be the jurisdiction, power or control which courts acquire over property involved in a suit, pending the continuance of the action, and until its final judgment therein.")    This constructive notice of filing the complaint as required by the statute is equivalent to actual notice.    13 Am. & Eng. Enc. of Law, p. 889; *Whittaker* v. *Greenwood*, 17 Utah 33; 53 P. R. 736.

The purchaser at a public sale must take notice of the terms of the decree.    *McKinley* v. *Hamer*, 72 N. W. Rep. 1042.

The decree was a matter of public record and notice to the parties and all persons claiming through and under them, that the lien of the mortgage remained on the property.    The parties, the purchaser, the attorneys for the parties were present at the sale with notice of the decree,

20 Utah—8.

and are supposed to have known its terms, and are bound by its provisions. The respondent, by its attorney, examined the decree before his client redeemed. By the decree it was not intended that the lien of the mortgage for principal and interest should be extinguished by a sale thereunder for ground rent and taxes even if the sale be made to the mortgagor or judgment creditor. The parties, purchasers and redemptioners were anchored to the decree, and were bound by it, and cannot escape its provisions. If the clause referred to had not been contained in the decree, a different conclusion might be reached. By redeeming, the respondent became, by operation of law, the assignee of the purchaser, and succeeded to his rights and no more. When the decree imposed conditions to the sale, respondent redeemed subject to those conditions. He claims title under that decree now. He cannot be heard to claim under a part of it that is advantageous to him, and reject that part which is to his disadvantage. He redeemed under it; claims title under it, and is bound by it. At most the respondent was but a judgment creditor. By the provisions of the decree all persons claiming under Jones, and all persons having liens by judgment or otherwise subject to the mortgage, or subsequent to the filing of the *lis pendens* were forever barred and foreclosed. As owner of the judgment respondent had a right to redeem and pay the lien created by the decree and nothing more.

Respondent, a judgment creditor of the mortgagor, having redeemed from the purchaser, the mortgage debt being due at the time of the sale, the lien continued to remain in force under the decree, after the sale. Under such circumstances it was proper for the mortgagee on motion, after due notice to the attorney of record in the case, if an appearance had been had, to obtain an order

for the sale of the property under section 3502, Rev. Stat. 1888. It would not be necessary to serve this notice of motion on the redemptioner or judgment creditor as claimed by the respondent. It was sufficient to serve it on the attorney of .the defendants, who had appeared in the action.

It was held in *Hughes & McCart* v. *Frisby*, 81 Ill. 188, "Where a foreclosure of a mortgage is had before the whole ·debt is due, and the decree directs a sale for the debt due, subject to the lien for the part not due, if the mortgagee the holder of the entire debt, purchases and receives a deed for the premises, it will be a satisfaction of the whole debt, but if redemption is made from the purchaser by the mortgagor, or judgment creditor of the mortgagor, the debt .not due at sale and the lien will remain in force, and the mortgagee may again foreclose as to it." *Hooker* v. *Reas*, 18 Cal. 651. *Bank of Napa* v. *Godfrey*, 77 Cal. 612.

Section 3502 Rev. Stat. 1898, provides: "If the debt for which the mortgage, lien, or incumbrance is held, is not all due, as soon as sufficient of the property has been sold to pay the amount due, with costs, the sale must cease, and afterwards, as often as more becomes due for principal or interest, the court may, on motion, order more to be sold. But if the property cannot be sold in portions without injury to the parties, the whole may be ordered to be sold in the first instance, and the entire debt and costs paid, there being a rebate of interest where such rebate is proper."

Our statute is like that of California. Under this statute it is held in California, that, "The proper practice under the code is to apply by motion, and not by petition, for a sale of more of the mortgaged premises as often as more becomes due for principal or interest. The failure

to sell a portion of mortgaged property under a decree of sale for a first installment of interest will not prevent a sale of the whole property on motion, when the unmatured portions of the note fall due. The provision of the code authorizing the court on motion to order more to be sold, after a previous sale of sufficient of the property to pay the amount due, is construed to be for the benefit of the debtor, and not to impose upon him the cost of several sales." *Bank of Napa v. Godfrey, supra.*

The statute points out the proper procedure in such cases. Under it, if the debt secured is not all due, as soon as sufficient of the property has been sold to satisfy the amount decreed to be paid the sale should cease, and thereafter as soon as more becomes due for principal or interest, the court may or may not in the same proceeding order more sold. But if it is made to appear to the court in the first instance that the property cannot be divided or sold in portions without injury to the parties, the whole may be ordered sold, and the entire debt and costs paid making proper rebate in interest.

The decree permits a sale of the property or so much thereof as may be necessary to satisfy the decree and which may be sold separately without material injury to the parties, to be sold.

In this case the mortgage not being due it would have been better practice, if the facts justified it, to have made a showing to the court that the property was so situated that it could not be sold in portions without injury to the parties, and thereon to have obtained a decree for sale accordingly. Then the sale could have been made in one parcel without any question arising thereon, and without calling upon the officer to act upon his judgment or discretion to sell the property in parcels or as a whole. Or if it appeared to the court that the property could be

divided and sold in parcels without injury to the parties, then the decree should have been rendered accordingly. The proceeding to obtain the order on motion for the sale of the property under the decree was in conformity with the statute. The appellant, under his decree, obtained a title to the mortgaged premises, but subject to redemption by those in a position to redeem.

The first sale to Stephens, from which respondent redeemed was made subject to the lien of the principal and interest of the mortgaged debt referred to in the decree, and all rights of the respondent except to redeem, were extinguished by the subsequent sale to appellant under such decree and order.

Mortgage sales in equity will be controlled by courts of equity, so that no injustice may be done to either party. *Campbell* v. *Macomb*, 4 John. Ch. 534.

Other questions are discussed in the briefs of the respective counsel, but upon careful examination we find that the findings and judgment appealed from are erroneous, and not sustained by the evidence.

The case is reversed and remanded to the district court with directions to set aside the judgment and findings, and to enter findings and judgment in favor of the appellant, as prayed for in the complaint.

Appellant is entitled to costs.

BARTCH, J. and BASKIN, J., concur.