LINCOLN JOINT STOCK LAND BANK of Lincoln et al., Appellees, v. MARSHALL J. WILLIAMS et al., Appellants; B. A. GRONSTAL, Intervener, Appellant.

No. 41595.

FEBRUARY 14, 1933.

660

Wright & Baldwin, George S. Wright, Addison G. Kistle and Paul E. Roadifer, for appellants.

Frank E. Northrop and Tinley, Mitchell, Ross & Mitchell, for appellees.

ANDERSON, J.—The record, which is all documentary, discloses the following situation:

On February 25, 1927, the defendants Marshall J. Williams and Gertrude L. Williams executed and delivered to the Lincoln Joint Stock Land Bank of Lincoln, Nebraska, their promissory note for $37,000, with interest at 5¼ per cent per annum, payable in semi-annual installments as follows: $1,111.08 on the 1st day of August, 1927, and a like sum every six months thereafter until eighty such semi-annual payments were made; also providing for interest at 8 per cent on the defaulted payments. The said promissory note was secured by a mortgage upon approximately 640 acres of land situated in Pottawattamie county, Iowa, which mortgage was duly recorded in Pottawattamie county on the 28th day of February, 1927; the said mortgage containing covenants requiring the mortgagors to pay all taxes and assessments levied against the land, and to keep the buildings thereon insured; and, in case of failure to do so, providing that said mortgagee may pay such taxes and assessments and effect such insurance; and the amounts paid therefor, with 8 per cent interest thereon from date of payment, "shall be secured by this mortgage and shall be collectible with, as part of, and in the same manner as the principal sum hereby secured." The mortgage

also pledged the rents and profits of the real estate therein described, and provided for the appointment of·a receiver in event of foreclosure. The mortgage contains further covenants providing that, in case of default, the entire debt may be declared due and payable, and that the mortgagee may proceed to foreclose said mortgage, *"or mortgagee may foreclose only as to the sum past due without injury to this mortgage or the displacement or impairment of the lien thereof."*

On May 15, 1930, the plaintiff, the Lincoln Joint Stock Land Bank of Lincoln, commenced in the district court of Pottawattamie county at Council Bluffs, an action to foreclose the mortgage mentioned for delinquent installment and taxes, said case being known as equity No. 29272, reciting in its petition that installment No. 7, due February 1, 1930, in the sum of $1,111.08, was past .due and delinquent; that the 1928 assessment of taxes was not paid by the mortgagors, and on November, 1929, was paid by the plaintiff in the sum of $1,111.34; that the first one-half of the 1929 taxes became delinquent and were paid by the plaintiff on May 13, 1930, in the sum of $594.40; and plaintiff asked judgment for the several amounts so in default with interest, and small items for continuing abstract, all in the total sum of $2,842.31, and the plaintiff· asks in its petition that such total amount be established and confirmed as a lien on the mortgaged premises from the date of the mortgage:

"Subject only to the lien of the plaintiff for the unpaid principal and interest and nondelinquent installments of said note; that the mortgage lien for the delinquencies as shown in this petition be foreclosed and that a special execution issue for the sale of the mortgaged premises; that the said sale be so made that the same shall not impair plaintiff's right to foreclose its mortgage in case a subsequent installment may become due and in default, and that it be so decreed by the court."

And asking further that the court provide by decree that any redemption of the premises under such sale "shall be subject to the unpaid balance of plaintiff's mortgage."

Prior to the filing of the above-mentioned petition and on the 12th day of May, 1930, an original notice in said entitled case was served upon the defendants, reciting the claims and prayer of plaintiff in said case, and alleging further:

"Foreclosure of said mortgage is asked as to the amounts shown due as above with interest and costs, and such foreclosure will be without prejudice to plaintiff's right to foreclose its mortgage for subsequent delinquencies, and said foreclosure will be without injury or impairment to plaintiff's lien of said mortgage, for the unpaid principal and non-delinquent installments, which unpaid principal was on February 1, 1930, the sum of $35,940.72."

On the 31st day of July, 1930, the defendants having defaulted, judgment and decree was entered against them for the amount claimed by plaintiff, $2,866.06, with interest and costs, and establishing the lien of plaintiff's mortgage, and ordering that a special execution issue to satisfy such judgment.

"(Said sale to be made subject also to the mortgage lien of the Plaintiff for the amount still due and unpaid and not herein foreclosed, which balance on February 1, 1930, was the sum of $35,-940.72 * * * That any redemption from said sale shall redeem said real estate subject to the unpaid balance of plaintiff's mortgage.) * * * "

The decree further provides that, if a sheriff's deed issue to the purchaser under such foreclosure sale, "said deed shall recite that the premises are conveyed subject to the lien of The Lincoln Joint Stock Land Bank of Lincoln, Nebraska, for the unpaid balance of its mortgage. * * * This decree is rendered upon the filing of the note and mortgage with the clerk of the district court; but the delinquent installment herein foreclosed shall be endorsed upon sale upon the note as paid by this decree and the note and mortgage may be retained by the plaintiff as evidence of its lien for the unpaid balance of its mortgage, after sale as aforesaid."

A special execution was issued upon said judgment and decree, containing the following provision:

"(Said sale to be made subject also to the mortgage lien of plaintiff for the amount still due and unpaid and not herein foreclosed, which balance on February 1, 1930, was the sum of $35,-940.72.)"

The mortgaged property was levied upon under said special execution and sold by the sheriff on the 3d day of September, 1930. The return of the sheriff on the said execution included the same

paragraph as last above quoted, as did the certificate of sale issued to the purchaser, the Lincoln Joint Stock Land Bank.

That on the 2d day of September, 1931, the last day of the period of redemption from said foreclosure sale, the defendants, Williams, executed to one B. A. Gronstal a conveyance of the real estate involved for the recited consideration of $100; said conveyance being a general warranty deed, but containing the following:

"Except as to legal and valid liens of record, none of which the grantee either assumes or agrees to pay."

On the same date of the said conveyance the grantee named therein, B. A. Gronstal, as the owner of the real estate involved, redeemed from the execution sale by paying to the clerk of court $4,391.36, and the sheriff's certificate of sale with endorsements of assignment to F. W. Van Druff was surrendered and canceled.

The foregoing statement in detail as to the record facts in the first foreclosure action is lengthy, but we deem it necessary for an intelligent understanding of the issue here presented.

On the 11th day of March, 1931, the plaintiff filed its petition in the case at bar alleging the execution by the defendants on the 25th day of February, 1927, of the principal note of $37,000 and the mortgage securing the same as detailed in the foregoing preliminary statement, and alleging that installments Nos. 8 and 9, due August 1, 1930, and February 1, 1931, each for $1,111.08, were past due and delinquent, and that an installment of delinquent taxes amounting to $582.74 and paid by plaintiff on September 12, 1930, remained delinquent and unpaid by the defendants, and that under the provisions of said mortgage the said plaintiff declared the entire amount secured by its note and mortgage due and payable, and asked judgment against the defendants for the aggregate sum of $38,701.06, reciting that such amount was due and owing the plaintiff, in addition to the amount found to be due it in the decree entered in the former action, and praying that its mortgage be foreclosed, and special execution issue for the sale of the property therein described. F. W. Van Druff, having purchased the note and mortgage involved, and having obtained an assignment of the cause of action stated in plaintiff's petition, was by an order of court entered on the 3d day of June, 1931, substituted as plaintiff in said action.

On September 12, 1931, Marshall J. Williams, Gertrude L. Wil-

liams, and Clifford Williams, defendants, filed their amended and substituted answer, and B. A. Gronstal, intervener, joined therein and adopted such answer as his amended and substituted petition of intervention. In said pleading the defendants and intervener admit the execution of the note and mortgage in suit, but deny that the plaintiff has any right to maintain a cause of action thereon, and, as a plea in bar as against the claims of plaintiff to any relief under the facts stated in his petition, set out at length and in detail the prior proceedings commenced and prosecuted by the Lincoln Joint Stock Land Bank substantially as we have detailed in the preliminary statement of facts herein, and alleging further that the plaintiff had by the former action exhausted all of its remedy, both in respect to its right to judgment, its right to foreclosure, and its right to sale of said land, and that the judgment in the prior case constituted a waiver of any balance for which the plaintiff in that case did not take judgment, and that the present action is a splitting of the cause of action and bars the plaintiff from maintaining this suit, and that, by reason of the said acts on the part of the plaintiff in the prior action, fixing and determining the value of the land for debt paying purposes, and allowing the defendants and intervener to thereby change their position, the plaintiffs are estopped and barred from maintaining this action.

The issues thus presented by the pleadings were submitted to the court upon the record without any controverted facts in issue, and on January 9, 1932, a judgment and decree was entered by the court against the defendants Marshall J. Williams and Gertrude L. Williams for the amount claimed in plaintiff's petition, foreclosing plaintiff's mortgage, and the petition of intervention of B. A. Gronstal was dismissed. From such judgment and decree this appeal is prosecuted.

It appears from the foregoing that there is only one question involved in this appeal: Did the plaintiff in the first foreclosure case release or lose its lien for the unpaid balance of the note in suit, to wit, $35,940.72? And the answer to this question depends wholly on what was done in the first foreclosure suit.

Briefly stating again: The plaintiff in the prior suit personally served an original notice on the defendants in which the amount claimed as past due was stated and for which judgment and foreclosure was asked, and that

"Such foreclosure will be without prejudice to plaintiff's right to foreclose its mortgage for subsequent delinquencies, and said foreclosure will be without injury or impairment of plaintiff's lien of said mortgage for the unpaid principal and non-delinquent installments, which unpaid principal was on February 1, 1930, the sum of $35,940.72."

Plaintiff's petition filed following the service of such notice contained the same statements as did the original notice, and asked for judgment and foreclosure of its mortgage for the satisfaction of delinquent installments and taxes, "without effecting or impairing its mortgage lien for the balance of the indebtedness. * * *" And "subject only to the lien of the plaintiff for the unpaid principal and interest and non-delinquent installments of said note. * * * " And asking that sale under special execution "be so made that the same shall not impair plaintiff's right to foreclose its mortgage in case a subsequent installment may become due and in default and that it may be so decreed by the court, * * * and that any redemption of the premises shall be subject to the unpaid balance of plaintiff's mortgage. * * *"

A decree was entered in said prior action for judgment and foreclosure in accordance with the prayer of said petition, and providing that "sale to be made subject only to the mortgage lien of the plaintiff for the amount still due and unpaid and not herein foreclosed, which balance on February 1, 1930, was the sum of $35,-940.72."

A special execution was issued upon said judgment containing the following statement: "Said sale to be made subject also to the mortgage lien of plaintiff for the amount still due (owing) and unpaid and not herein foreclosed, which balance on February 1, 1930, was the sum of $35,940.72," and the mortgaged property sold to the plaintiff for the amount of said judgment.

That at the time of the sale under the execution the sheriff announced that the property would be sold subject to the lien under the mortgage.

A sheriff's certificate of sale was issued containing the provision that the same was "subject also to the mortgage lien of plaintiff for the amount still due and unpaid and not herein foreclosed, which balance on February 1, 1930 was the sum of $35,940.72."

Following the proceedings as detailed and on the last day of the

period of redemption, the intervener, B. A. Gronstal, obtained a conveyance of the title from the defendants and made redemption as title holder.

The mortgage involved provided that the mortgagee might declare the entire debt thereby secured due and payable and foreclose the same in case of default in any of its covenants, "or mortgagee may foreclose only as to the sum past due without injury to this mortgage or the displacement or impairment of the lien thereof."

The whole amount of the indebtedness was not due at the time of the commencement of the prior foreclosure suit, except at the election of the plaintiff, and there is no evidence that the plaintiff elected to declare the whole sum due, but elected to bring its action for the amounts past due and delinquent, without injury, however, to its mortgage, or the displacement or impairment of the lien thereof, as provided under the terms of its mortgage.

The appellants ask us to construe the phrase "which is now due" contained in plaintiff's petition in the former action, and specifically referring to the amount owing upon the mortgage, to wit, $35,940.72, other than the past-due amounts, as an election to declare the whole amount due, but we think that such a construction would do violence to the language and the apparent and evident intent of the plaintiff in its use. The fair and reasonable meaning of the phrase in connection with the context would be, "which is now owing, unpaid and not delinquent".

The appellants complain that the district court had no authority to enter the decree in the former case making the judgment and lien, as established in that case, subject to the lien of that part of the mortgage debt not due and not declared due; but no appeal was taken from that judgment, and it appears to have been in strict accordance with the terms of the mortgage and with the prayer of the petition in that case. The appellants also complain that no lien was created, preserved, or established by the former decree. We cannot agree with this contention. The mortgage itself created the lien, and such lien was preserved by the terms of the former decree, and the decree adjudicates the right to a lien for the remaining portion of the debt.

Appellants cite a great many authorities in support of their contentions, all of which we have carefully read, and in none of which have we been able to find any support for appellant's position on this appeal. The authorities and citations in appellant's brief are

too numerous to incorporate herein, and would unduly extend this opinion. However, we will briefly refer to a few of the authorities cited.

The appellants rely upon and quote extensively from Wells v. Ordway, 108 Iowa 86, 78 N. W. 806, 75 Am. St. Rep. 209. In that case the plaintiff held a second mortgage upon real estate, and afterwards acquired another and prior mortgage, which he foreclosed. He made no attempt to redeem from himself, and accepted redemption money from a grantee of the mortgagor. He afterwards attempted to foreclose his second mortgage. The decree in his first foreclosure case made no reference to subsequent mortgages held by him. This court held that the lien of plaintiff's second mortgage was extinguished by his first mortgage foreclosure. The facts are not parallel to the case at bar, and furnish no support for appellant's contention here.

In the case of Morgan v. Kline, 77 Iowa 681, 42 N. W. 558, the mortgage secured several notes, two of which were assigned by the mortgagee with the provision that they should be the first lien on the mortgaged premises, and the remaining notes should be a second lien. The mortgagee later brought suit upon the notes held by him to foreclose the mortgage, and obtained judgment and sold the property thereunder. Later the plaintiff, who was the assignee of the two notes mentioned, which by the contract were prior to the notes involved in the first foreclosure, and the grantee of the mortgagors defended on the ground that the prior foreclosure suit exhausted the mortgage security and extinguished the lien. Such contention was not sustained by this court. This court in its opinion recognizes the rule that one sale of the mortgaged premises exhausts the lien of the mortgage, but that it does not apply in cases modified by special circumstances.

In the case of Schnuettgen v. Mathewson, 207 Iowa 294, 222 N. W. 893, a mortgagee had obtained the written agreement of a junior incumbrancer to pay interest on the mortgage and taxes on the mortgaged property, and brought action to foreclose his mortgage, bid in the property for $6,000 less than his judgment, then commenced another action against the junior incumbrancer on the agreement for the payment of the interest and taxes. In his foreclosure action in which he made the junior incumbrancer a party he asked no relief on his additional security, and this court held that he was precluded from maintaining a further action on such

agreement. The facts are not parallel with the case at bar, and the decision does not approach the question we have under consideration, and furnishes no support for appellant's contention.

The case of Henry v. Maack, 135 Iowa 84, 110 N. W. 469, simply decides that a mortgagee, who forecloses his first mortgage, bids in the property and accepts the redemption money from the mortgagor's grantee, without attempting at any stage of the proceeding to preserve the lien of a second mortgage held by him, loses his right thereunder. The facts are almost identical with Wells v. Ordway, supra.

In the case of Escher v. Simmons, 54 Iowa 269, 6 N. W. 274, the holder of a mortgage had brought two successive suits to foreclose upon notes secured by the mortgage, which had matured, and the appeal before this court was from a judgment foreclosing the balance of the mortgage indebtedness. The mortgage contained no provision such as the one in the case at bar especially providing that suit might be commenced upon installments due without effecting or impairing the lien of the mortgage for the balance not due, and the lien for the balance not due was not recognized or preserved in the decrees entered in the prior cases. This court held under such state of facts that the prior foreclosures and sales exhausted the lien of the mortgage, but the facts in that case were widely at variance with the facts in the case at bar.

It would furnish no useful purpose to continue references to the great number of cases cited in appellant's brief. Sufficient to say that in none of them are we able to find support for appellant's position.

We will make reference briefly to some cases supporting the finding of the trial court. In the case of Burroughs v. Ellis, 76 Iowa 649, 38 N. W. 141, 142, the petition for the foreclosure of a mortgage as to one of the notes, which was due—the others not being due—recited the facts as to the notes secured by the mortgage, gave their dates, and amount, and the time when they would become due; prayed for a judgment for the amount due and for foreclosure of the mortgage and sale of the real estate for such amount. The original notice followed the prayer of the petition, decree was entered as prayed, in which decree it was provided that plaintiff's lien upon the real estate for the notes not due should be preserved. The property was sold under special execution and redeemed by defendant's grantees, who later sought to have the order preserving the lien as

to the notes not due expunged. This court held that the objections were not well taken and that the order was a proper one to make in the case; this court holding:

"It is true, as claimed by counsel for appellees, that a party cannot have successive foreclosures of the same mortgage lien; but this rule has no application where the right to foreclosure for notes not yet due is expressly reserved by the decree of the court, and this court has never determined that this may not be done."

The case of Myers v. Schwieger, 190 Iowa 1016, 181 N. W. 246, is almost parallel to the case at bar. In that case action was brought to foreclose a mortgage for *past-due interest only.* Judgment and decree was entered and a sale had under execution, and certificate of sale made subject to the lien of the principal mortgage sum. It was announced by the sheriff at the time of the execution sale that such sale was to be made subject to the amount due upon the principal mortgage. The sheriff's return and the certificate of sale issued by him contained the same reservation. A redemption was made by a junior lienholder, Myers, the appellant in the action. Myers then demanded a sheriff's deed of the property with the qualification mentioned eliminated, and also defended a second action in foreclosure for the principal amount of the debt upon the ground that the security was exhausted and the lien of the mortgage extinguished in the prior foreclosure and sale. We held that the first foreclosure proceeding did not destroy the priority and lien of the mortgage for the principal sum, and that the trial court properly enforced the mortgage lien for the principal debt after it became due.

In the case at bar, the lien of the mortgage for the principal sum was recognized and preserved by the decree in the former case. The lien was reserved and preserved in the original notice, in the petition to foreclose, in the decree, in the offer of sale by the sheriff, in the sheriff's return, and in the sheriff's certificate of sale, all of which the appellant herein had at least constructive notice at the time he took title and made his redemption. He obtained the title and the right to redeem for a nominal consideration, and made the redemption with a full knowledge of the situation. He stood in the same situation and obtained no greater rights than his grantor. The following cases furnish additional support for what we have here concluded: Des Moines Joint Stock Land Bank v. Danicourt, 185 Minn. 435, 241 N. W. 393; Ann. Cas. 1912C, 846 note; Dupee v.

670

Salt Lake Valley Loan & Trust Company, 20 Utah 103, 57 P. 845, 77 Am. St. Rep. 902; McKinley-Lanning Loan & Trust Co. v. Hamer, 52 Neb. 709, 72 N. W. 1042; Hughes v. Frisby, 81 Ill. 188; Federal Land Bank v. Neff, 174 Minn. 520, 219 N. W. 914; Nebraska Loan & Trust Company v. Domon, 4 Neb. (Unof.) 334, 93 N. W. 1022; Borden v. McNamara, 20 N. D. 225, 127 N. W. 104, Ann. Cas. 1912C, 841.

The appellants complain that the conduct of the plaintiff in the case at bar was a scheme to defraud, that it was unconscionable, unjust, and without equity. This claim does not make a strong appeal either to common sense or good conscience under the facts in this case. The decree of the lower court in this case is in our judgment not only right, but in a marked degree is in furtherance of justice and equity. If the appellant should prevail, he would for the payment of approximately $4,000 acquire clear title to 640 acres of land, and plaintiff would lose in excess of $38,000.

It follows from what we have said that the finding and decree of the trial court should be sustained.—Affirmed.

All Justices concur.

REHEARING DENIED JUNE 23, 1933.