Opinion delivered May 27, 1887.

---

No. 5928.

McIlhenny Company et al. *v.* W. A. Craddock.

1. Deed of Assignment for Benefit of Creditors.—A deed of assignment conveyed for the benefit of such creditors as would consent to take under it, a stock of goods, specifying their "supposed" value and locality, also the amount of "about three hundred dollars of notes and accounts," and which, "for a more particular description" of the property conveyed, referred to an inventory thereto attached as an exhibit. The exhibit read in evidence contained a list of the assignor's creditors, a specific description of his merchandise, of certain lands, his homestead

and articles of furniture and domestic use, cash on hand and aggregate amount of notes due, reserving in terms from the operation of the assignment such as were exempt from forced sale. The assignee appended to the exhibit an affidavit that the schedule of his assets and indebtedness was "in all respects just and true," *held*:

(1) The assignment, though not so full and specific as the statute requires, was wanting only in those things not essential to its validity.

(2) It is not necessary that the deed of assignment should have in terms made the right to releases dependent on the receipt by accepting creditors of one-third of the amount due them; that is regulated by law.

(3) If an accepting creditor should receive less than one-third of the amount due him he would not be bound to execute a release.

APPEAL from Bell. Tried below before the Hon. W. A. Blackburn.

W. J. Wheat, formerly a member of the firm of Lockhart & Wheat, conveyed certain property, by deed, to W. A. Craddock, in trust, for the benefit of his (Wheat's) creditors. Craddock qualified and took possession of the property. McIlhenny Company sued out a writ of attachment against Lockhart & Wheat, which was on the same day levied on the property as the property of Wheat. On the same day Eikel & Breustedt sued out a writ of attachment against W. J. Wheat, which was also on the same day levied on the property as the property of Wheat. W. A. Craddock made claimant's oath and gave bond for the trial of the right of property. The two cases were combined. The issues were made up under the direction of the court, the plaintiffs claiming that the transfer from Wheat to Craddock was fraudulent and void as to the creditors of Wheat, of Lockhart & Wheat.

Judgment for defendant. The character of the assignment is stated in the syllabus.

*Dupree & McCutchan*, and *G. W. Tyler*, for appellant, cited Donoho v. Fish Bros., 58 Texas, 167; Parsons on Contracts, sixth edition, volume 2, pages, 504, 506; Id., 515, 516; Keating v. Vaughn, 61 Texas, 518; Revised Statutes, Appendix, page 8, sections 7, 8; Caton v. Jones, 21 Texas, 788; Burrill on Assignments, second edition, page 241.

*W. S. Holman*, for appellee, cited Laws of 1879, page 57; Laws of 1883, page 46; Wert v. Schneider & Davis; 64 Texas, 327; Piggott v. Schramm & Co., 64 Texas, 447.

STAYTON, ASSOCIATE JUSTICE.   It is urged that the court erred in admitting in evidence the deed of assignment.   The grounds of objection relate not to the manner of its execution, but to the effect of the instrument itself.   The instrument was made for the benefit of all the creditors of the assignor, who would consent to take under it; in connection with the schedule, which is a part of it, it professes to pass all the property owned by the assignor, except such as was exempt from forced sale; it appointed and conveyed to a qualified assignee, and by fair construction evidenced the intention of its maker to make an assignment under the act of March 24, 1879, and the amendments thereto.

This, we think, constituted a valid assignment under the statute, and if the instrument was wanting in any respect in the fullness required by the statute, it was in relation to matters which, the statute declares, shall not invalidate an assignment. The assignee had qualified and was in possession when the appellants caused the property illegally to be seized.

It is urged that the assignment was void because it stipulated for releases by such creditors as might consent to take under it, and does not make the right to such releases dependent upon the receipt by accepting creditors of one-third of the amount due them.   It was not necessary that the deed of assignment should have contained such a provision, for that is regulated by the law itself.   If a creditor under such an assignment consents to take and receives less than one-third of the amount due to him, he is under no obligation to execute a release.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*