[No. 2986. Decided June 13, 1898.]

THE STATE OF WASHINGTON, *on the Relation of Gatzert-Schwabacher Land Company*, v. ROBERT BRIDGES, *as Commissioner of Public Lands, et al.*

TIDE LANDS — EXTENSION OF STREETS OVER — LIMITATION OF RIGHT — CONSTITUTIONAL LAW.

The right given municipal corporations, by art. 15, § 3, of the state constitution, to extend their streets over tide lands to and across the harbor areas reserved for purposes of commerce and navigation is not a continuing one; and where a city, at the time of platting the tide lands by the state, exercises its right under said constitutional provision by filing a plat extending every alternate street across the tide land, it is precluded from thereafter exercising the right of extending the remaining streets across the intervening tide lands, except by condemnation and payment. (REAVIS, J., dissents.)

*Original Application for Mandamus.*

*Preston & Gilman,* for relator.

*Thomas M. Vance,* for respondents.

The opinion of the court was delivered by

SCOTT, C. J.—In 1896 the relator, as upland owner, applied to purchase certain tide lands including the north half of lot 7, block 176, in front of the city of Seattle, and duly received a conveyance of the same from the state. Thereafter, as the owner of said north half of lot 7, the relator applied to the respondents for a lease for thirty years of a certain portion of the harbor area of the city of Seattle contiguous to said half lot, and, the application being refused, a writ of mandate is sought to compel the execution of the lease. There is no question as to the regularity of the relator's application for a lease or of its preference right thereto, if anyone is entitled to lease the

tract, but the same was denied on the ground that said half of lot 7 would be a part of Union street if the same were extended; and the respondents were of the opinion that they had no authority to lease it. That the conveyance of said half of lot 7 by the state to the relator was invalid on the ground that there was no authority or power to execute the same, and that the relator had no title thereto, and that is the sole question to be determined. The constitution, art. 15, § 3, provides that "Municipal corporations shall have the right to extend their streets over intervening tide lands to and across the area reserved as herein provided," and the respondents contend that under this provision the right to extend streets across tide lands and harbor areas, without making payment therefor or exercising the right to condemn, is a continuing one and that, if streets could not be extended except by condemnation and payment, the provision does not mean anything because municipal corporations have that right without it.

It will be observed that there is nothing in the provision limiting the exercise of this right to streets in existence at the time of the platting of the harbor. And if the right to so extend the streets continues for all time, it is at once apparent that the value of the tide lands to be sold and of the harbor area to be leased will be much impaired, if purchasers and lessees can be compelled at any time to vacate the same and lose valuable improvements without getting any recompense in case the city should see fit to lay out or extend streets over the same. Furthermore, there is nothing in the constitution or in the subsequent legislation thereunder making it at all obligatory upon cities to extend streets across tide lands, and it does not appear in this case that there is any desire to extend the street in question. On the contrary, at various times,

when the matter has been before the city council for action, a different intention has been expressed. Under the respondents' contention, if the city should never desire to assume the burden of laying out and maintaining Union street across the remaining part of the tide lands, the same would be useless to anybody, for the state could not convey a title thereto and the city would have no use for it. It is clear, it seems to us, that such was not the intention. Under the plat as laid out and thereafter corrected, every alternate street was extended across the tide lands to the harbor area and the others were terminated at Railroad avenue. The north half of said lot 7 lies between Railroad avenue and the harbor area. In making and correcting this plat it was doubtless understood to be for the best interests of the city not to extend all of its streets across the tide lands lying between Railroad avenue and the harbor area on account of the size of the blocks, and that it would better subserve the interests of commerce and the interests of its citizens and the public to extend only each alternate street beyond Railroad avenue. The city had the opportunity of extending Union street at that time, if it so desired, without cost, and not having seen fit to exercise the right, the state had power to dispose of that part of it which would have been within the street if extended, and the relator obtained a good title. As that is conceded to be the only ground upon which the application for a lease was denied, the writ should issue.

ANDERS, GORDON and DUNBAR, JJ., concur.

REAVIS, J. (dissenting).—I do not think the inconveniences of awaiting the prolongation of streets mentioned in the opinion will necessarily arise. In my judgment the protection of free ways to the harbor area for the public

is more important than the mere private use of such portions of the tide lands as may fall within the prolongation of regular streets of municipalities across them.   The constitution having made the grant of such easements without limitation of time in commencement of the user, I do not see very clearly the authority reposed in the court to assign such limitation.