W. I. SNYDER, ASSIGNEE FOR THE BENEFIT OF THE CREDITORS OF RASBAND BROTHERS, APPELLANT *v.* JAMES S. MURDOCK, SHERIFF, JAMES W. CLYDE, ALVA M. MURDOCK, WILLIAM G. RASBAND, ADMINISTRATOR OF THE ESTATE OF THOMAS RASBAND, DECEASED, AND ELIZABETH RASBAND, RESPONDENTS.

ASSIGNMENT FOR CREDITORS—DESCRIPTION OF PROPERTY—SUFFI-CIENCY — SEC. 88, R. S. 1898.  GENERAL ASSIGNMENT — CONVEYS ALL PROPERTY.  NOTICE OF ASSIGNMENT—ACTUAL—IN LIEU OF STATUTORY — SEC. 1975, R. S. 1898.  RECORDING ASSIGNMENT — WHEN — WHERE.  PROPERTY OF INTESTATE — TO WHOM PASSES —SEC. 2325, R. S. 1898.

*Assignment for Creditors—Description of Property—Sufficiency— Sec. 88, R. S. 1898.*

Where a general assignment for the benefit of creditors contains, under the provisions of Sec. 88, R. S. 1898, a general description of property assigned and in terms embraces all the property of the assignors, it is so far in compliance with the statute.

*General Assignment—Conveys all Property.*

Under our statute a general assignment for the benefit of creditors, conveys to the assignee all the property of the assignor, except exempt property, whether mentioned in the attached inventory or not; the inventory is simply to be annexed as a matter of convenience, as a guide to the assignee, for the information of those interested and a guard against concealment of property.

*Notice of Assignment—Actual—In Lieu of Statutory—Sec. 1975 R. S. 1898.*

By giving attaching creditors personal notice of the assignment and the mailing to each of them a notice thereof, and recording the deed as soon as property of the assignors is discovered in an adjoining county, and the publication of notice to creditors in the county where the assignors reside is sufficient notice to attaching creditors under Secs. 88, 90 and 1975 Rev. Stat. 1898.

*Recording Assignment—When—Where.*

The assignee should record the deed of assignment in the several counties, if more than one, where the property of the assignor is located; but it is sufficient if this is done when he ascertains where the property is located.

*Property of Intestate—To Whom Passes—Sec. 2325 R. S. 1898.*

Under Sec. 2325 Rev. Stat. 1898, upon the death of an intestate, all his real and personal property passes to his heirs, subject to administration and the payment of debts against the estate, and the rights of the widow and minor children therein.

(Decided Nov. 8, 1899.)

Appeal from the Fourth District Court, Wasatch County, Hon. J. E. Booth, *Judge.*

Action by plaintiff to restrain defendant Murdock, as sheriff, defendants Nicol and Hatch, his bondsmen, and defendants Clyde and A. M. Murdock, as execution plaintiffs, from selling and disposing of certain real and personal

property levied on by a writ of execution.   From a judgment for defendants, plaintiff appealed.   *Reversed.*

*Bismarck Snyder, Esq.,* and *W. I. Snyder, Esq.,* for Appellant.

The purpose is manifest in this assignment; taken as a whole, to convey all the assignors' property, individual and partnership.   When that intent is manifest, no matter what words are employed, the statute steps in and supplies all deficiencies, executes itself upon the assignment, and requires the assignee and the creditors to work out their• rights through the assignment, sequester the entire estate of the assignor, and distribute it among his creditors. *Tracey* v. *Tuffley,* 134 U. S. 206; *McIhenny* v. *Miller,* 68 Texas, 356; 4 S. W. 614; *Fant* v. *Elsbury,* 68 Texas, 456; *McCarty* v. *Maddox,* 68 Texas, 456; 4 A. & E. Enc. Law (2d ed.) 37–45; *Loomis* v. *Griffin,* 78 Iowa, 482; *Meeker* v. *Sanders,* 6 Iowa, 61; *Schaller* v. *Wright,* 70 Iowa, 666; *Wooster* v. *Stanfield,* 11 Iowa, 128.

It is contended that the omission was intentional and amounts to fraud in fact, but it does not appear that the assignee had any knowledge; but the contrary does appear.   On well-known principles, therefore, this cannot affect the assignment.   *Coblentz* v. *Mercantile Co.,* 10 Utah 96; *Pettit* v. *Parsons,* 9 Utah 233; *Billings* v. *Parsons,* 53 Pac. (Utah) 730.

*A. C. Hatch, Esq., Wm. Buys, Esq.,* and *J. H. McDonald, Esq.,* for respondents.

"Property acquired subsequent to the assignment does not pass to the assignee."   Ency. of Law, New Ed. Vol. III, p. 44.

The assignee could not in any event acquire any other or better right than the assignors had at the time of the assignment. Ency. of Law, New Ed. Vol. III, p. 44.

"Whenever constructive notice is relied upon sufficient should be pleaded to show a strict compliance with the statute." Ency. of P. & P., Vol. 14, 1072.

"A general averment that the defendant had notice is not sufficient. The notice should be particularly set forth in order that the court may judge of its sufficiency." Id. p. 1071.

The deed must be recorded in the county where the assigned property is situated. Laws of Utah, 1897, p. 82, Sec. 5.

"Only such property will pass, however, as is embraced in the terms of the instrument, and the effect of an assignment purporting to be general will be modified by descriptive clauses, or a schedule, which will operate to limit the property assigned to that described in them." Ency. of Law, 1st ed., Vol. 1, p. 854; citing Burrill on Assignments, Sec. 98; Lawson's Rights, Rem. and Prac., Vol. 4, 3404; see, also, *Bock* v *Perkins*, 139 U. S. 628.

### STATEMENT OF FACTS.

Among other allegations it appears from the amended complaint that on the 9th day of August, 1897, Rasband Brothers of Summit county, made and delivered to the plaintiff, their deed of assignment of all their property for the benefit of their creditors, which deed was duly filed and recorded in the office of the county recorder of Summit county on August 10th, 1897, and the same was duly filed in the office of the clerk of the district court of said county on the 11th day of August, 1897; that on the 12th day of August, 1897, a true and correct inventory and valuation of the property so assigned, so far as came to

the possession or knowledge of the assignee, was filed in said court, together with a bond as required by law; that the assignee duly qualified, and within ten days thereafter published notice to creditors in the Park Record, a newspaper published and circulated in said county of Summit, where the parties resided; that on the 16th day of February, 1898, after a report had been made to the court, said court made an order extending the time for winding up the affairs of said assigned estate.

That by said deed of assignment, Rasband Brothers conveyed, and intended to convey, all their real, personal and individual property of every kind and nature, except that exempt from execution, wheresoever the same may be, to the assignee; that on the 14th day of June, 1898, said deed was duly recorded in Wasatch county.

That on the 24th day of July, 1885, Thomas Rasband, the father of Rasband Brothers, and of defendant W. S. Rasband, and husband of the defendant Elizabeth Rasband died intestate in Wasatch county, and left certain real estate and water rights in said county; that on June 16, 1898, said W. G. Rasband was appointed and qualified as administrator of the estate of Thomas Rasband, and as such claims the right to administer upon all of the estate of said Thomas Rasband, deceased.

That after the death of Thomas Rasband, his heirs, including said Rasband Brothers, and said defendant Rasband, verbally agreed, in consideration of the expressed will of the deceased, and of natural love and affection, that said Elizabeth Rasband should have and enjoy all the real and personal estate so left by her husband, during her life, with remainder to said heirs; that in pursuance of said agreement, said widow has continued in possession of said personal property in Wasatch county, and has paid the taxes thereon, and has exhausted the same for living

expenses except about $135.00, and for the above reasons and believing that they were bound by the agreement aforesaid, said real and personal property in Wasatch county was not placed in the inventory of said assignors, and was not scheduled therein; that plaintiff had no knowledge that said assignors had any interest in said estate until the same was attached by said defendants Murdock and Clyde, about the 16th day of December, 1897; that Murdock and Clyde, the attaching creditors, had, on August 15, 1897, notice of the assignment, which was duly mailed to them, and had personal notice thereof; that the administrator refused to join plaintiff in the recovery of said property, and that said refusal constituted a waiver of their rights therein, and that plaintiff now has the right of possession of said property as assignee aforesaid, and of the interest of said assignors therein, as such assignee; that said Elizabeth Rasband consented to have administration of said estate for the purpose of having the interest of Rasband Brothers, in said estate, distributed to the creditors.

That on December 15, 1897, said defendants, Clyde and Murdock, wrongfully, fraudulently and falsely sued out a writ of attachment which was levied on said real property in Wasatch county, so left by said Thomas Rasband, deceased, consisting of about sixty acres of land in several pieces, and obtained judgment against Rasband Brothers thereon; that in September, 1898, said sheriff, at the request of said attaching creditors, had execution issued on said judgment, and wrongfully levied the same upon the property, and thereafter advertised and sold three-twelfths of said real estate, being the interest of said Rasband Brothers, and defendant Clyde became the purchaser thereof; that no deed has as yet been issued on the certificate of sale.

Plaintiff prays for an injunction, and that the sale be set aside. The schedule was duly verified. The deed of assignment is annexed to and made a part of the complaint. The property so attached situated in Wasatch county is not included in the schedule annexed to the deed of assignment. The deed of assignment recites that the assignors grant, convey, sell, assign, transfer and set over to the assignee, all and singular their co-partnership and individual estate, real and personal, goods, chattels, effects, credits, choses in action, judgments and property of every name and kind whatsoever, held by and in the name of the assignors, or each or either of them, or in the name of any other person for them, except such as is exempt from sale under execution. Said property, so far as the same can now be listed and inventoried, is set forth in the schedule annexed to the assignment, and the assignors covenant in said assignment that they will execute any and all other deeds or instruments as should be necessary to vest the trust thereby created in said assignee.

To this amended complaint Murdock and Clyde filed a a demurrer, specifying the grounds thereof. The action was dismissed as to Murdock, who disclaims any interest in the suit. The demurrer was sustained, and the action dismissed. From this judgment plaintiff appeals.

After stating the facts, MINER, J., delivered the opinion of the court.

The questions to be determined in this case are, first, does the deed of assignment convey to the assignee the six different pieces of land ·in Wasatch County, when such property was not specifically described in the schedule annexed to the assignment?

Second, what was the effect of the failure to record the deed of assignment in Wasatch county?

Third, does the complaint show that Rasband Brothers, or their assigns had any interest in the property in Wasatch county, which was left by the deceased Thomas Rasbund?

With reference to the first proposition, section 88, Rev. Stat. 1898, among other things, provides, that an assignor shall, in a general way, describe the property assigned, with its location; that the assignor shall annex to such an assignment an inventory, under oath, of his estate, real and personal, according to the best of his knowledge, and record the same in the office of the recorder of the county where the property is located; that such inventory shall not be conclusive as to the amount of the debtor's estate, and such assignment shall vest in the assignee the title to any other property belonging to the debtor at the time of making the assignment, except property exempt from execution.

Sec. 97, Rev. Stat. 1898, provides that no assignment shall be declared fraudulent or void for the want of any list or inventory, as provided by the title, and further provides for the examinatoin of the assignor, under oath, and the delivery to the assignee of any property embraced in the assignment.

While it is a general rule that in the construction of deeds and written contracts, general words contained in the instrument should be restricted and controlled in their operation by those which are particular and specific, yet, it must be remembered that all rules must be considered subordinate to that primary governing rule which requires that such written instruments should be construed according to the intention of the parties. The act, when regulated by statute, should be governed by the statute in force at the time.

In looking into the assignment, and the allegations in

the complaint, it is evident that it was the intention of the assignors to convey all their property. They assigned, transferred, set over, conveyed and sold all their individual and co-partnership property, both real and personal, including goods, chattels, effects, real estate, choses in action, and property of every name or kind whatsoever held by them, or in the name of any other person for them, or either of them, to the assignee, and they covenanted to execute deeds of conveyance and transfer to the assignee, in and to all property when called upon to do so. The terms used seem to manifest an intent on the part of the assignors to assign all of their property. It is true that the above words of conveyance are followed by the words that, "said property, so far as the same can now be listed and inventoried, is set forth in the schedule marked schedule "A," hereto annexed, and made a part of the indenture." This, however, when taken in connection with the other allegations in the complaint does not indicate an intention to qualify or limit the comprehensive language previously used.

The schedule was made a proper and convenient part of the assignment, but the inference should not be drawn that because some of the property of the assignors was left out of it, which might occur through mistake or inadvertance, that the title to all of the property of the assignors should not pass. It appears from the complaint that when the assignment was made and the schedule drawn the assignors did not know or believe that they had any interest in the property in Wasatch county that was omitted from the schedule. It appears that they labored under the supposition that in accordance with the dying request of their father, they had, many years prior, parted with their interest in his estate to their mother. That they were wrong in this supposition or belief does not

necessarily imply bad faith or dishonest motives in making the assignment with this property omitted from the schedule. The assignee never knew that his assignors had any interest in the Wasatch county property until after the attachment by Murdock and Clyde. Therefore he cannot be charged with any improper motive. The provisions of our statute above referred to are sufficiently comprehensive.

If the assignment, in terms, embraced all the property of the assignors, and in a general way described the property assigned it is so far in compliance with the statute. The inventory to be annexed was not intended to be a part of the assignment, or to limit its effect or control its operation. This is evident from the language used as to what the inventory shall contain. The statute requires the assignor to annex to the assignment an inventory, under oath, of his estate, real and personal, according to the best of his knowledge, but that such inventory shall not be conclusive as to the amount of his estate, and that such assignment shall vest in the assignee the title of any other property belonging to the debtor; that such assignment shall not be declared void or fraudulent for the want of any list or inventory as required in the act. It is clear from the statute that the inventory is not required to be absolutely correct, but only so according to the best of the assignor's knowledge, and to avoid any misunderstanding, confusion or mistake as to its purpose the statute provides that it shall not be declared void or fraudulent for the want of an inventory. The assignee is vested with the title to all the property, whether included in the inventory or not. The deed conveys all the assignors' property to the assignee. Under our statute the inventory of property is simply to be annexed as a matter of convenience, and as a guide to the assignee, and for the information of those

interested in the estate, and also as a guard against a concealment of the property.

This being a general assignment for the benefit of creditors, we are of the opinion that the deed conveyed to the assignee all the property of the assignors, except exempt property, and that the title of the assignee to all of the assignors' interest in the land in question, is not affected by the failure of the assignors to include the property in the inventory. *Smith* v. *Goodman*, 149 Ill. 75; *Falk* v. *Liebes*, 42 Pac. 46; *Bank* v. *Kennelly*, 93 N. Y. 374; *Platt* v. *Lott*, 17 N. Y. 478; *Sabin* v. *Lebenbaum*, 26 Ore. 420; *Babbitt* v. *Mandall*, 53 Pac. 547; Burrill on Assignments, Sec. 100; *McIlhenny* v. *Milber*, 68 Tex. 359; *Loomis* v. *Griffin*, 78 Ia. 432; *Schaller* v. *Wight*, 70 Ia. 666.

In *Meeker* v. *Felts*, 23 Atl. Rep. 672m, it was held that in a general assignment by a debtor of all his real and personal property will carry his vested interest as a residuary legatee of an estate, though such interest was not included in the inventory, and it was not his intention to assign it. *Pitman* v. *Marquardt*, 52 N. E. Rep. 894.

It also appears from the complaint that the respondents Murdock and Clyde each received personal notice of the assignment, and obtained a copy of the deed of assignment prior to the time of the commencement of their action in attachment, and that on the 15th day of August, 1897, the assignee mailed to each of them, notice of said assignment; that on the 14th day of June, 1898, soon after the assignee had notice of such property being located in Wasatch county, the deed of assignment was duly recorded in the office of the recorder of deeds for said county; that notice to creditors of the assignment was duly published in a newspaper in Park City, Summit

20 Utah—27.

county, as provided by statute. The deed was recorded in Summit county, where the assignors resided, and where the assignee believed all the property was located, at the time of the assignment. It was not recorded in Wasatch county until the assignee was informed by the attachment proceedings of the assignors' interest in their father's estate.

We are of the opinion that the notice to the attaching creditors was sufficient. The parties had actual notice of the assignment and were not in a position to object that the statutory notice had not been given. *Whittaker* v. *Greenwood*, 17 Utah, 33; *Dupee* v. *Salt Lake City Loan Co.*, 57 Pac. 845 Utah; Secs. 88, 90 and 1975 Rev. Stat. Utah, 1898.

Under the statute, the assignee should record the deed in the several counties, if there is more than one where the property of the assignor is located. It is sufficient if this is done when he ascertains where the property is located. He is not called upon to perform unreasonable or impracticable acts; but it is his duty to take possession and follow the property of the assignor where ever it may be found.

Under the statute whatever interest the assignors, as heirs, had in the real estate left by their father, passed under the deed to the assignee, subject of course to administration, the payment of debts against the estate, expenses of administration, and the rights of the widow and minor children therein. The real and personal estate belonging to Thomas Rasband, upon his death, passed to his heirs, subject to his debts, allowances, and expenses of administration, under Sec. 2825 Rev. Stat. 1898. The complaint shows that there were certain rights and interests in said estate belonging to the assignors.

The judgment of the district court in sustaining the

demurrer and in dismissing the complaint is reversed, with costs, and the cause is remanded with directions to overrule the demurrer, set aside the judgment, and to grant a new trial and proceed in accordance with this opinion.

BARTCH, C. J., and BASKIN, J. concur.

