[No. 13296.  Department Two.  June 9, 1916.]

IN RE PERCIVAL APPLICATION No. 92, TO LEASE HARBOR
AREA, THE CITY OF OLYMPIA, *Appellant.*[1]

MUNICIPAL CORPORATIONS—STREETS—EXTENSION OVER TIDE LANDS.
A city abandons and loses its right to extend a street over tide lands
to the harbor lines, as authorized by Const., art. 15, § 3, where it
acquiesced in a state lease to, and occupancy by, one maintaining a
public dock and wharf for nearly twenty years, and for ten years
after passing ordinances extending its streets, did not attempt to
physically occupy or improve the portion of the street leased by the
state, or take any steps to call the state's attention to its claim to
the street; in view of §§ 1 and 2 of the same article, authorizing the
state to make a lease of such lands.

Appeal from a judgment of the superior court for Thurs-
ton county, D. F. Wright, J., entered November 16, 1915,
affirming an order of the board of state land commissioners
respecting a lease of harbor area.  Affirmed.

*George R. Bigelow,* for appellant.

*Thos. M. Vance,* for respondent Percival.

*The Attorney General* and *R. E. Campbell, Assistant,* for
respondent Board of State Land Commissioners.

*Dan F. North* and *George D. Montfort, amici curiae.*

PARKER, J.—The city of Olympia has appealed to this
court from a judgment of the superior court for Thurston
county affirming an order and determination of the board of
state land commissioners to lease to J. C. Percival a portion
of the harbor area belonging to the state lying in front of
the city.  Counsel for the city contend that the leasing of
a portion of the harbor area, as determined upon by the
board of state land commissioners, interferes with its right
to extend and maintain certain of its streets over the por-
tion of the harbor area in question, which right it claims
under article 15 of the state constitution reading as follows:

[1]Reported in 157 Pac. 1082.

"Section 1. The legislature shall provide for the appointment of a commission whose duty it shall be to locate and establish harbor lines in the navigable waters of all harbors, estuaries, bays, and inlets of this state, wherever such navigable waters lie within or in front of the corporate limits of any city, or within one mile thereof upon either side. The state shall never give, sell, or lease to any private person, corporation, or association any rights whatever in the waters beyond such harbor lines, nor shall any of the area lying between any harbor line and the line of ordinary high tide, and within not less than fifty feet nor more than six hundred feet of such harbor line (as the commission shall determine) be sold or granted by the state, nor its rights to control the same relinquished, but such area shall be forever reserved for landings, wharves, streets, and other conveniences of navigation and commerce.

"Sec. 2. The legislature shall provide general laws for the leasing of the right to build and maintain wharves, docks, and other structures, upon the areas mentioned in section one of this article, but no lease shall be made for any term longer than thirty years, or the legislature may provide by general laws for the building and maintaining upon such area wharves, docks, and other structures.

"Sec. 3. Municipal corporations shall have the right to extend their streets over intervening tide lands to and across the area reserved as herein provided."

The facts determinative of the claimed rights of the city are not in dispute and may be summarized as follows: The portion of the harbor area which the board of state land commissioners have determined to lease to Percival is so situated, if the lease be made, as to prevent the extension of certain of the streets of the city over it. The city's objection to the proposed lease is in so far as it would interfere with the city's claimed right to extend its streets over the harbor area. At all times since the admission of the state and the adoption of the constitution in the year 1889, Percival has occupied the portion of the harbor area in question, maintained a wharf and carried on a general wharfage business thereon. In December, 1891, the state board of

harbor line commissioners caused the harbor in front of Olympia to be surveyed, fixed the inner and outer harbor lines, and filed a plat thereof. This was done in pursuance of the provisions of article 15 of the constitution, above quoted, and the Laws of 1889-90, p. 239. In the adoption and filing of this plat the commissioners did not designate thereon any extension of the streets of the city over the portion here in question. Nor is there anything in the record before us indicating that the city then made any request of the commissioners to extend or recognize the extension of the streets here in question over the portion of the harbor area now proposed to be leased to Percival.

In the years 1893, 1894, 1895 and 1898, Percival filed applications with the board of state land commissioners to lease the portion of the harbor area here in question. These applications were either not acted upon or not disposed of upon the merits by the board of state land commissioners and are of no consequence in our present inquiry, except in connection with the continued occupancy by Percival of the portion of the harbor area now proposed to be leased to him. In June, 1899, Percival filed with the board of state land commissioners his application here involved, to lease the portion of the harbor area occupied by him. For reasons not clearly shown by the record before us, which reasons, however, are of no moment here, this application remained pending and undisposed of until December 31, 1914, when the order of the board here in question was made, under Laws of 1899, p. 225. By the terms of that order the past occupancy of Percival was recognized, for which he is to pay rental to the state the sum of $1,441.65. He is to pay rent at the rate of $150 per annum for the term of eleven years, commencing on the first day of October, 1914, and is awarded the right to continue in his occupancy substantially as in the past.

In the years 1893 and 1905, the city passed ordinances in terms purporting to extend certain of its streets over the

portion of the harbor area here involved.  Nothing was done by the city, however, towards bringing to the board of state land commissioners notice of these ordinances or the claim of the city of its right to so extend its streets over the portion of the harbor area here in question until November 10, 1913, when the city caused its clerk to transmit to the board of state land commissioners certified copies of these ordinances.  This was the first claim ever made by the city to the state authorities of its right to extend its streets over the portion of the harbor area occupied by Percival and now proposed to be leased to him.  The city never attempted to physically occupy or improve as streets this portion of the harbor area, nor has it ever interfered with Percival's occupancy thereof.

Counsel for appellant city rests its claim entirely upon the provisions of section 3, article 15 of the constitution above quoted, proceeding apparently upon the theory that the city's constitutional right to extend its streets over the harbor area is a continuing right and that this provision of the constitution is self-executing.  This must of necessity be the only theory upon which the city's claimed right rests, since no statute has ever been enacted by the legislature making any provision for, or method of procedure looking to, the extension by cities of the third class, to which class Olympia belongs, of their streets over harbor areas.  It may be that there is a sense in which this constitutional provision is self-executing, and possibly the city might physically extend its streets over unoccupied and unleased harbor area and thereby acquire such portion of the harbor area for street purposes.  We are not, however, here concerned with the acquisition of streets by the city in any such manner.  Whatever right the city may have to so extend its streets over the harbor area, it is to be remembered that, by the provisions of article 15 of the constitution above quoted, the state also has the right and power to lease the harbor area, looking to the conveniences of navigation and commerce.  As

said by Justice Ellis, referring to article 15 of the constitution, in *Chlopeck Fish Co. v. Seattle*, 64 Wash. 315, 117 Pac. 232, "It can hardly be conceived that the framers of the constitution intended to grant to the state less power in this regard than they thus plainly gave to municipalities." So, in the present case, we have these two powers seemingly coming in conflict.

In *State ex rel. Gatzert-Schwabacher Land Co. v. Bridges*, 19 Wash. 428, 53 Pac. 547, there was incidentally involved the question of the right of the city of Seattle to extend certain of its streets over state tide lands, though the city was not a party to that action, which right, so far as section 3 of article 15 of the constitution is concerned, is the same as a city's right to extend its streets over harbor areas. Touching this right of cities to so extend their streets, Chief Justice Scott, speaking for the court, observed:

"If the right to so extend the streets continues for all time, it is at once apparent that the value of the tide lands to be sold and of the harbor area to be leased will be much impaired, if purchasers and lessees can be compelled at any time to vacate the same and lose valuable improvements without getting any recompense in case the city should see fit to lay out or extend streets over the same. . . . In making and correcting this plat it was doubtless understood to be for the best interests of the city not to extend all of its streets across the tide lands lying between Railroad avenue and the harbor area on account of the size of the blocks, and that it would better subserve the interests of commerce and the interests of its citizens and the public to extend only each alternate street beyond Railroad avenue. The city had the opportunity of extending Union street at that time, if it so desired, without cost, and not having seen fit to exercise the right, the state had power to dispose of that part of it which would have been within the street if extended."

Possibly the city of Seattle had abandoned its right to so extend its streets over tide lands by acts which may be considered somewhat more of an affirmative nature than the acts of the city of Olympia here involved. It seems to us, how-

ever, that, under all the circumstances here appearing, it must be held that the city of Olympia has lost its right to extend its streets over the portion of the harbor area involved. Percival's long occupancy, use and improvement of the portion of the harbor area in question, acquiesced in by the city, entitles him to receive the lease as determined, and upon the conditions prescribed by the board of state land commissioners.

We conclude that the judgment of the superior court affirming the order and determination of the board of state land commissioners should be affirmed. It is so ordered.

MORRIS, C. J., MAIN, BAUSMAN, and HOLCOMB, JJ., concur.