# JENS HAGE v. DRAKE MARBLE & TILE COMPANY AND AN-OTHER.[1]

February 6, 1920.

No. 21,601.

**Promissory notes — consideration — findings supported.**

1. The evidence sustains the findings that certain notes executed by plaintiff to defendants were obtained by them for a valuable consideration and without fraud or deceit.

**Application by court of proceeds of pledged mortgage correct.**

2. In directing the mortgage, assigned to defendants to secure the payment of the notes, to be sold, and the proceeds of the sale to be applied not only in payment of the notes due but also of the notes not yet due, the court did not err.

Action in the district court for Ramsey county to cancel an agreement and four promissory notes and the assignment of a certain mortgage. The facts are given in the first paragraph of the opinion. The case was tried before Olin B. Lewis, J., who made findings and as conclusions of law found that there was owing defendant Drake Company the sum of $602.11, and the Twin City Company the sum of $467.28, and ordered the note and mortgage to be sold by the sheriff and proceeds applied to expense of sale and payment of amount owing defendants. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Peder H. Hage,* for appellant.

*Lightner & Young,* for respondents.

HOLT, J.

The action was brought by plaintiff to cancel four promissory notes given to defendants and an assignment of a mortgage securing their payment, on the ground that the instruments had been obtained from plaintiff through defendants' fraud and deceit. The answer denied the fraud and deceit charged, and, as a counterclaim, alleged that the notes

[1] Reported in 176 N. W. 192.

145 M—8.

mentioned were duly given to defendants for value; that two thereof were past due and unpaid, and they demanded judgment that no relief be granted plaintiff; that the amount due defendants be adjudicated, and that the mortgage be sold and the proceeds applied in payment of the amount found due. The court found that the notes were given for value; that the four mentioned in the complaint were unpaid; that the mortgage was assigned to secure their payment, and that the allegations of the complaint, except as stated, were not true, and ordered judgment as prayed by defendants.

The assignments of error challenge the findings. No testimony has been printed. The short statement attempted in the "paper book" cannot be taken as any sort of summary of what the transcript of the testimony discloses. The appellant's brief makes no reference to folio or page in the settled case. There is a package of more than 50 exhibits in an envelope returned to this court, but with no certificate as to their authenticity. Notwithstanding this condition of the record, we have perused all the papers in the return transmitted to this court, and are satisfied that the evidence abundantly sustains the findings of the trial court that the allegations respecting the fraud and deceit charged against defendants in the complaint were untrue. Indeed, no support whatever could be found in the record for findings to the contrary.

The short facts developed at the trial are these: Plaintiff's son, an attorney, had made various collections for defendants and another client, for which he had not remitted or accounted when he entered the army. When he left for the military service, he turned over his unfinished business, files and records to another attorney. The latter was asked by defendants and this other client for a statement of their account with plaintiff's son. From the records he had, and the aid of defendants, an account was made out and sent to plaintiff's son for verification. He made certain corrections. The account showed something more than $1,000 due defendants and the other client, who also was pressing for a settlement. These creditors were represented by attorneys. Plaintiff professed a willingness to settle the matter for his son, by giving the notes and assignment referred to. A tentative draft of the assignment was sent to plaintiff's son, who was then ill at a camp hospital. He appears to have been well enough to examine the proposed instrument and sug-

gested an addition thereto. This was incorporated in the assignment finally executed. The notes given the third creditor, also secured by the assignment, were paid without raising any objection to their validity. At the trial and here the son contended that there was no consideration for the settlement, because he claimed an attorney's lien on all the moneys collected by him, and, until that was adjusted, defendants had no claim which could furnish a consideration for the notes. The payees of the notes released and settled specific claims which plaintiff's son had collected for them. They parted with something constituting a legal consideration for the notes. That the son may still have some claim against the payees for unsettled attorney's fees may be true, and still not affect the settlement made, so long as there was no fraud or deceit in procuring it.

The only other question that might be suggested under the assignments of error is the propriety of directing a sale of the mortgage assigned and applying the proceeds in payment of the notes not yet due. Default had occurred in the payment of two of the notes, hence the right to foreclose and sell existed. There could be but one foreclosure and sale. The proceeds of the sale constitutes in equity the fund properly applicable toward the payment of all the notes. Fowler v. Johnson, 26 Minn. 338, 3 N. W. 986, 6 N. W. 486. The lien is transferred from the security sold to the proceeds, out of which the secured debts must be paid whether due or not. Fagan v. Peoples S. & L. Assn. 55 Minn. 437, 57 N. W. 142.

The judgment is right and is affirmed.