CHARLES SCHILL v. SUZAN KORTHOF AND OTHERS.[1]

December 24, 1920.

No. 22,029.

**Foreclosure of mortgage by purchaser at foreclosure sale of lien.**

1. The defendant Steele gave the plaintiff Schill a mortgage and later gave the defendant Forsyth a mortgage on the same property subject to Schill's mortgage. A mechanic's lien was foreclosed against the property. The judgment adjudged that the lien was prior to the Schill mortgage and subsequent to the Forsyth mortgage. Schill purchased at the foreclosure sale in the name of another and there was no redemption. It is *held* that as between Schill and Forsyth Schill's mortgage is alive and prior to the lien of the Forsyth mortgage, and that he can foreclose.

**Mortgage — distribution of proceeds of foreclosure sale.**

2. In the distribution on a sale the Schill mortgage will first be satisfied and then the Forsyth mortgage. Though the interest acquired under the mechanic's lien foreclosure, and now owned by Schill, is ahead of the Schill mortgage, it cannot be put ahead of the Forsyth mortgage.

Action in the district court for Hennepin county to foreclose a mortgage. Lulu V. Forsyth answered, alleging that she was the sole owner and in possession of the premises. The case was tried before Leary, J., who made findings and ordered judgment in favor of defendants. From an order denying his motion to strike out the findings and conclusions and making in lieu thereof findings, conclusions and an order for judgment as set forth in his notice of motion, or for a new trial, plaintiff appealed. Reversed.

*Benton & Morley,* for appellant.

*Lawrence R. Allison* and *C. A. Youngquist,* for respondents.

DIBELL, J.

Action to foreclose a mortgage. There were findings for the defend-

[1]Reported in 180 N. W. 703.

ants and the plaintiff appeals from the order denying his motion for a new trial.

1. The controversy is between the plaintiff Schill and the defendant Forsyth.

August 11, 1913, defendant Steele, the owner, gave Schill a mortgage for $1,200.

January 27, 1914, Steele gave Forsyth a mortgage for $800 on the same property. This mortgage was by its terms subject to the $1,200 Schill mortgage.

On March 11, 1914, one Hicks filed a mechanic's lien. The lien dated from June 13, 1913. It was prior to both mortgages, unless facts prevented an assertion of priority. In the foreclosure it was adjudged that Hicks had a lien for $189.99, which was prior to the Schill mortgage and subsequent to the Forsyth mortgage. It was subsequent to the Forsyth mortgage, because Forsyth took the mortgage in reliance on Hicks' statement that no claim for a lien would be made against the mortgage. This created an estoppel. On June 7, 1915, the property was sold on foreclosure to J. W. Dreger for $217.64. The evidence is that Dreger purchased in the interest of Schill to protect his mortgage. For the purposes of this appeal Dreger is Schill. No redemption was made from the sale.

Upon the theory that the lien foreclosure ripened into a title which destroyed the lien of the plaintiff's mortgage, the court held that the mortgage was not a lien and that the plaintiff could not foreclose. The net result is that Schill loses his $1,200 mortgage and gets, under the lien foreclosure, a title which is subject to the $800 Forsyth mortgage, which by its terms was made subject to the Schill $1,200 mortgage.

The trial court recognized the hardship resulting to the plaintiff, but felt compelled to adopt the theory stated. It is of course true that Schill, to prevent his mortgage being lost by a redemption from the foreclosure sale by a lien creditor subsequent to his mortgage, must have redeemed from the lien foreclosure though he owned both the mortgage and the interest acquired under the foreclosure. This was held in Pamperin v. Scanlan, 28 Minn. 345, 9 N. W. 868, cited by the trial court in its memorandum, and again in Moore v. Penney, 141 Minn. 454, 170 N. W. 599, 3 L.R.A. 161, where the subject is discussed and the author-

ities are collated. Here, however, the controversy is between Schill and Forsyth and no others are concerned. There is such equity in the plaintiff that he should be allowed to keep alive his mortgage lien as against the lien of the Forsyth mortgage, though he purchased at the lien foreclosure sale. Forsyth has no equity calling for the destruction of the lien of the $1,200 mortgage subject to which his $800 mortgage was taken. If there were a statute making the result necessary in a particular case, as in the two cases cited, or in equity in anyone interested in the property requiring such result, Schill would be required to lose the lien of the $1,200 mortgage. With the whole controversy between Schill and Forsyth there is neither a statute nor an equity calling for such result. As between the two, Schill's mortgage should be held a live lien and prior to the lien of the Forsyth mortgage. The doctrine of merger, which is of equitable application, does not operate to destroy the lien.

2. It does not follow that Forsyth loses the advantage of the judgment subordinating the Hicks lien. Schill claims that there was no prayer for relief in the foreclosure action justifying the subordination of the Forsyth mortgage to the lien, that he defaulted, and that with him in default the court was without jurisdiction to grant such relief. Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L.R.A.(N.S.) 803, 118 Am. St. 612, 11 Ann. Cas. 348. However this may be Schill bought under a judgment giving the priority stated.

The defendant cites Malmgren v. Phinney, 50 Minn. 457, 52 N. W. 915, 18 L.R.A. 753. There is nothing in that case contrary to our holding here. It was followed in Miller v. Stoddard, 54 Minn. 486, 56 N. W. 131. Both state the rule of distribution settled in this state. The rule for working out the priorities is not difficult. Schill cannot have the amount of the lien foreclosure sale paid out of the proceeds of a foreclosure before the Forsyth mortgage is paid. The Schill mortgage will be paid first and then the Forsyth mortgage. As between Schill and Forsyth, and they are the only ones contending here, exact equity is done.

The case will be remanded for proceedings not inconsistent with this opinion.

Order reversed.