## ALBERT J. COLE AND OTHERS v. EVAN HUGHES AND OTHERS.[1]

March 30, 1928.

No. 26,463.

**Mortgage was given for a consideration.**

1. The evidence sustains the finding that there was a consideration for a mortgage made by the plaintiffs Cole and wife to the defendant Hughes, by virtue of which the latter redeemed as a creditor having a lien from the foreclosure of a prior mortgage made by Cole.

**Agreement for redemption by defendant and lease to plaintiff was carried out.**

2. The evidence sustains the finding that the agreement between Cole and Hughes was that Hughes should make such redemption and lease the land to Cole and that this plan was carried out.

**Defendant had no knowledge of contract between plaintiffs.**

3. The evidence sustains the finding that the defendant Hughes had no notice of a contract whereby the plaintiff Neubauer, who had purchased the certificate of sale upon the foreclosure, was to convey the property, if he acquired title under the foreclosure, to the plaintiff Lula E. Cole, the wife of the plaintiff Albert J. Cole.

Mortgages, 41 C. J. p. 391 n. 24; 42 C. J. p. 375 n. 68; p. 451 n. 89. Trusts, 39 Cyc. p. 86 n. 78.

See note in 3 A. L. R. 163; 19 R. C. L. 643; 3 R. C. L. Supp. 964.

Plaintiffs appealed from a judgment of the district court for Blue Earth county, Harry A. Johnson, J. in favor of defendant Evan Hughes. Affirmed.

*Moonan & Moonan* and *C. J. Laurisch,* for appellants.

*Evan Hughes* and *E. Raymond Hughes,* for respondents Evan and Amy E. Hughes.

*W. A. Doerr,* for respondent Citizens Loan & Trust Company.

[1]Reported in 218 N. W. 889.

DIBELL, J.

Action to have the plaintiffs Albert J. Cole and wife adjudged the owners of certain land. The defendant Evan Hughes claims to be the owner through the redemption from a foreclosure sale of a first mortgage. The mortgage to the defendant Citizens Loan & Trust Company was given to secure the redemption money and is conceded to be valid. There were findings and judgment for the defendants, and the plaintiffs appeal.

The plaintiff Albert J. Cole owned a farm near Mankato. On March 10, 1919, there was a first mortgage upon it for $8,000. There was a second mortgage of date March 8, 1920, for $4,500. On March 10, 1925, there was a sale under a foreclosure of the $8,000 mortgage for $8,749.01. The time in which the owners might redeem expired on March 10, 1926. On May 4, 1925, after the foreclosure sale on the $8,000 mortgage, John Neubauer, the owner of the $4,500 mortgage, purchased the sheriff's certificate of sale. There was a judgment against Cole in favor of the Farmers National Bank of Minnesota Lake for $2,857.62, docketed October 8, 1925. Altogether the encumbrances were substantially $19,000. No lien creditor filed a notice of intention to redeem on or prior to March 10, 1926, except the defendant Hughes. He took from Cole a mortgage for $100, dated March 5, 1926, which he recorded on March 9, 1926, and on the same day filed a notice of his intention to redeem. He then borrowed from the defendant Citizens Loan & Trust Company of Mankato the sum of $9,500 and redeemed from the $8,000 mortgage foreclosure and became the legal owner of the land. Neubauer accepted the redemption money. The effect of this redemption was to cut off the intervening mortgage of Neubauer and other intervening liens. Neubauer could protect his $4,500 mortgage only by filing a notice of redemption and redeeming from the $8,000 foreclosure certificate which he had purchased.

1. The claim of the plaintiffs is that there was no consideration for the mortgage of $100 from Cole to Hughes and that a redemption made by virtue of it was of no effect. The court found a consideration for the mortgage. Hughes had been the attorney of

Cole. The evidence is sufficient to sustain the claim that the mortgage was given for services rendered by Hughes to Cole. Neubauer accepted the money paid by Hughes in redemption. It is unnecessary to discuss what would be the effect as to Neubauer or the other plaintiffs if there had been no consideration for the $100 mortgage from Cole to Hughes.

2. Another claim of the plaintiffs is that Hughes, who was Cole's attorney, redeemed in his name under the $100 mortgage for the benefit of Cole and must be charged as a trustee of the title for him.

The purpose of Cole and Hughes concededly was to cut out the Neubauer claim and such other lien claimants as were entitled to redeem from the $8,000 mortgage foreclosure but might not do so. Their purpose was effective, for no one filed a notice of intention to redeem; and under the statute the redemption by Hughes as a lien creditor operated as an assignment of the right acquired under the first foreclosure sale and so gave him legal title and cut out the Neubauer mortgage. G. S. 1923, §§ 9627, 9630; Moore v. Penney, 141 Minn. 454, 170 N. W. 599, 3 A. L. R. 161; Schill v. Korthof, 147 Minn. 443, 180 N. W. 703.

The claim of Hughes is that Cole, because of the large lien indebtedness, was unable to make the redemption. He advised him to get his brothers to take a mortgage and make a redemption. Concededly Cole tried to do this and his brothers refused. They seemed to feel either that there was something wrong about it, or at least that it was not good policy for them to get involved in the matter. Of course it was entirely legal for anyone to make a loan to Cole and take a mortgage for it, or to take a mortgage for an existing indebtedness, and then redeem. Hughes claims that Cole was desirous of leasing the farm, but that Neubauer had declined to lease to him if he acquired title, and that Cole wanted him, Hughes, to take a mortgage and redeem and lease to him. The special importance to Cole of a lease, according to Hughes, was that he had rented a farm of 300 acres nearby, which had no improvements; that he had no place to live; that he had a large amount of live stock and no place to keep it; that if he could lease the foreclosed farm he could farm both and stood to make a good

profit; that otherwise he would lose greatly. The lease was made, and Cole remained in possession. Mr. and Mrs. Cole, when the loan from the Citizens Loan & Trust Company was in process of making, certified in writing that their only interest in the farm was as tenants of Hughes. After the redemption Hughes paid taxes and made improvements to the extent of several hundred dollars.

Whether the theory of Hughes or of Cole is the correct one is a question of fact. It may be that Hughes was doing what he did merely as an accommodation. If he did so, he was assuming a personal obligation of $9,500 on the borrowed money which he obtained with which to redeem and secured by a mortgage. And he paid taxes and made improvements. Such a situation is not altogether usual. As matters have turned, Hughes has a good equity. The property was found to be worth $18,000 at the time of the redemption. There is evidence fairly supporting a valuation of $19,000. or $20,000. There were encumbrances of over $17,000. The equity was not large unless the intermediate liens were eliminated. Cole got nothing except as the lease was of value to him. So far as appears he would have had nothing at all if Hughes had not redeemed. Cole's further claim, which is of value only as illustrating the transaction, is that Hughes was to convey to Mrs. Cole or to their son; that Cole would go through bankruptcy; that the land would then be deeded to him; and that he would have back his farm discharged of all liabilities except the mortgage to the Citizens Loan & Trust Company, representing the redemption money. Either claim could be believed. The findings of the trial judge are definite and precise. His direct statement in his memorandum is that he wholly disbelieves Cole and his wife and that they were fabricating in order to get the land. We cannot disregard the findings, and it is unnecessary to consider what the effect would be were the transaction just as Cole claims.

3. In November, 1924, Neubauer made a contract to convey the farm to plaintiff Lula E. Cole, for $13,700, payable on November 3, 1929. Neubauer did not own the farm at that time, but apparently the plan was that he would take up the $8,000 mortgage and

take a mortgage covering that amount and his own mortgage and let Mrs. Cole take title. The precise nature of the plan is unimportant. Nothing was done under it. Neubauer was unwilling to carry it out. It seems likely that the bank at Minnesota Lake in which he was interested was unwilling that he should withdraw the money necessary to take up the first mortgage. The plaintiffs claim that with this contract in force and with knowledge of it on the part of Hughes, he could not gain by his redemption. However this may be, the court finds that Hughes had no notice or knowledge of the contract until long after the redemption. The evidence sustains the finding and disposes of plaintiffs' claim.

It may be noted that the plaintiffs Cole and wife, Neubauer and wife, and the Farmers National Bank of Minnesota Lake prior to this suit made an agreement as to their rights in the property should the suit be successful. The bank held a judgment later than Neubauer's mortgage which was a lien upon the land and by virtue of which a redemption might have been made from the foreclosure sale. The details of the agreement are not important; it explains the presence of the plaintiffs other than the Coles.

Judgment affirmed.