FEDERAL LAND BANK OF ST. PAUL v. DAN C. NEFF
AND OTHERS.[1]

June 8, 1928.

No. 26,454.

Assignee bound by terms of assignment of sheriff's certificate on fore-
closure for instalment of mortgage.

A mortgage payable on the amortization plan was executed prior
to the enactment of L. 1925, c. 280, was foreclosed subsequent thereto,
and the mortgaged property sold for certain of the instalments due.
The foreclosure was made in accordance with the 1925 statute cited.
The notice of sale stated that it would be subject to the other unpaid
instalments, and the sheriff's certificate so recited. Prior to the ex-
piration of the time for redemption the plaintiff assigned the sheriff's
certificate to the defendant Briggs by an instrument containing a like
recital. The defendant Briggs claims that the 1925 statute is uncon-
stitutional as to prior mortgages, and that he has title free of the
encumbrance of the mortgage. Held that having taken an assignment
of the mortgage, in the form stated, under a foreclosure under the
1925 act, he cannot claim that the subsequent instalments are not prior
to his title; and the question whether the 1925 act is constitutional as
to mortgages executed prior is not decided.

Constitutional Law, 12 C. J. p. 773 n. 9.
Mortgages, 41 C. J. p. 1011 n. 12.

Defendant George N. Briggs appealed from an order of the dis-
trict court for Cass county, Wright, J. sustaining a demurrer to his
answer. Affirmed.

Charles J. Andre, for appellant.
John E. Martin, for respondent.

DIBELL, J.

Action to foreclose a mortgage. The defendant George N. Briggs
answered setting forth the facts in full relative to the mortgage in-
volved and its foreclosure and claiming that he was the owner of

[1]Reported in 219 N. W. 914.

the mortgaged premises through the foreclosure free of encumbrances. The plaintiff demurred to the answer. The demurrer was sustained, and Briggs appealed.

The plaintiff is a corporation organized under the act of congress approved July 17, 1916, known as the federal farm loan act. 39 St. 360; 42 St. 1454; 12 USCA, § 641, et seq.

On November 23, 1921, the defendants Dan C. Neff and Nettie A. Neff, husband and wife, made a note and mortgage to the plaintiff to secure $1,500, payable on the amortization plan in 66 semi-annual instalments, on May 23 and November 23 of each year, secured upon land in Cass county. They defaulted in the payment of two instalments of $52.50 each which became due on November 23, 1924, and May 23, 1925. The plaintiff foreclosed and purchased at the sale on July 20, 1925, for $186.17. On July 14, 1926, before the time for redemption had expired, the plaintiff assigned the sheriff's certificate to the defendant by an instrument hereafter noted. There was no redemption. The present foreclosure is for the three instalments commencing with November 23, 1925.

Briggs claims that he is the owner by virtue of the assignment. The plaintiff bank claims that it has a lien for the instalments subsequent to the ones on which the sale was made and that Briggs' title is subject to such instalments.

The early law in Minnesota relative to the foreclosure of mortgages by advertisement was:

"In cases of mortgages given to secure the payment of money by installments, each of the installments mentioned in such mortgage, after the first, shall be taken and deemed to be a separate and independent mortgage; and such mortgage for each of such installments, may be foreclosed in the same manner, and with the like effect as if such separate mortgage were given for each of such subsequent installments, and a redemption of any such sale by the mortgagor shall have the like effect, as if the sale for such installments had been made upon an independent prior mortgage." Pub. St. 1849-1858, c. 75, § 3.

Later § 4, reading as follows, was added to § 3:

"In such case if the mortgaged premises consist of separate and distinct farms or tracts, only such tract, or tracts, shall be sold as are sufficient to satisfy the installment or installments then due, with interest and costs of sale, but if said premises do not consist of such separate and distinct farms or tracts, the whole shall be sold, and in either case the proceeds of such sale shall, after satisfying the interest, portion or installment of the principal due, with interest and costs of sale, be applied toward the payment of the residue of the sum secured by said mortgage, and not due and payable at the time of such sale, and, if such residue does not bear interest, such application shall be made with a rebate of the legal interest for the time during which such residue shall not be due and payable, and the surplus, if any, shall be paid to the mortgagor, his legal representatives or assigns." G. S. 1866, c. 81, § 4.

Sections 3 and 4 continued and were combined in R. L. 1905, § 4465. They are found in the same form in G. S. 1923, § 9610. This section was amended by L. 1925, p. 351, c. 280. This amendment provides among other things that where a mortgage is made payable in instalments each instalment "may be taken and deemed to be a separate and independent mortgage and such mortgage for each such instalment may be foreclosed by advertisement or by action, in the same manner and with like effect as if a separate mortgage were given for each of such instalments, and such foreclosure may be made and sale had subject to the instalments yet to become due upon the mortgage; and a redemption from any such sale shall have the like effect as if the sale for such instalment had been made upon an independent subsequent mortgage."

Under the law as it was prior to § 4 it was held in Watkins v. Hackett, 20 Minn. 92 (106), that where a mortgage was payable by instalments and the mortgagee foreclosed and sold the property for one instalment, he still retained a lien on the land for the instalments not due and might foreclose as they became due. When § 4 had become a part of the statute it was held that where the mortgage pledged a single tract of land to secure a debt payable in instalments, the mortgagee might foreclose upon an instalment

coming due, but such foreclosure exhausted the lien of the mortgage upon the land sold; that the same land, unless there was a redemption, could be sold but once under the same mortgage; that there could be a second sale to satisfy a subsequent instalment only when there remained land not sold at the first sale; and that the mortgagee might bid in for the whole amount of the mortgage, although there were instalments not due and the money received in excess of the instalments due be applied on those to become due with a rebate of interest if they bore interest. This was the effect of the holding in Fowler v. Johnson, 26 Minn. 338, 3 N. W. 986, 6 N. W. 486. The doctrine is illustrated by the following: Loomis v. Clambey, 69 Minn. 469, 72 N. W. 707, 65 A. S. R. 576; Darelius v. Davis, 74 Minn. 345, 77 N. W. 214; Kleinman v. Neubert, 142 Minn. 424, 172 N. W. 315; Hage v. Drake M. & T. Co. 145 Minn. 113, 176 N. W. 192; Peterson v. First Nat. Bank, 162 Minn. 369, 203 N. W. 53, 42 A. L. R. 1185; 4 Dunnell, Minn. Dig. (2 ed.) § 6314-6315.

If the 1925 act is constitutional and applicable, the plaintiff has a lien for the instalments not paid, commencing with the one of November 23, 1925, and Briggs has title subject thereto. In such case the plaintiff may maintain this action of foreclosure. For reasons now to be stated, the title of Briggs is subject to the unpaid instalments, he cannot complain of the foreclosure, and the constitutionality of the statute need not be decided.

The foreclosure notice in the former foreclosure provided that the sale was "to be made subject and inferior to the unpaid balance of the principal and interest which will become subsequently due and payable on the aforesaid mortgage of The Federal Land Bank of Saint Paul, amounting to $1,442.53 and interest thereon at the rate of 6 per cent per annum, commencing with semi-annual amortization instalment of $52.50 due November 23, 1925, and interest on said instalment after maturity at the rate of 8 per cent per annum." The certificate of sale contained a like provision. The assignment of the sheriff's certificate, of date July 14, 1926, contained the following:

"Said Sheriff's Certificate should be subject and inferior to the unpaid balance of principal and interest which will become subsequently due and payable on the aforesaid mortgage to The. Federal Land Bank of Saint Paul, commencing with amortization installment of $52.50, due November 23, 1925."

Sometime parties may have a vital interest in the construction and constitutionality of the 1925 act. Briggs has none. The notice of sale, the sheriff's certificate, and the assignment to Briggs all contemplated that the subsequent instalments should be superior to the title acquired by the purchaser at the foreclosure. The assignment was a contract, and there was nothing preventing the plaintiff and Briggs from agreeing in it that the subsequent instalments should have priority. This they did. The real questions should be reserved for those interested in their determination and desiring an opportunity to be heard.

We note in closing the claim of the defendant that under the 1925 statute the lien of the mortgage was exhausted by the first foreclosure. This claim does not require further discussion.

Order affirmed.

HILTON, J. took no part.