## FRANK G. DICKSON v. ANNA FLORMAN.
## AUSTIN LATHERS AND ANOTHER, CLAIMANTS.[1]

July 12, 1929.

No. 26,948.

*Lathers & Hoag,* for claimants-appellants.
*McCabe & Clure,* for plaintiff-respondent.

DIBELL, J.

The appellants, Austin Lathers and Jay H. Hoag, appealed from an order denying their motion to direct the clerk of the court to pay to them the sum of $500 deposited with him under the circumstances now to be stated.

The defendant is a nonresident of Minnesota. On November 22, 1926, the plaintiff obtained a default money judgment against her in the sum of $1,447.40. Jurisdiction was acquired by attachment of land and the publication of summons.

On February 2, 1927, the land attached was sold on execution and was purchased by the plaintiff for $203. On March 26, 1927,

[1]Reported in 226 N. W. 410.

the defendant was given leave to defend by a motion made, we take it, under G. S. 1923 (2 Mason, 1927) § 9236. See 3 Dunnell, Minn. Dig. (2 ed.) § 5108, et seq. The order granting the motion provided "that the defendant be granted leave to appear and defend upon the merits" and "that the judgment heretofore entered be allowed to stand as security for the claim of plaintiff until the final determination hereof, or until the further order of this court." The provision that the judgment stand as security is a common one, though it was unimportant here, for there was an attachment.

The action was retried, and on June 13, 1927, findings of fact, conclusions of law and order for judgment for the plaintiff were made, pursuant to which judgment was entered on April 24, 1928, for $1,765.79, a few hundred dollars in excess of the default judgment. On the same day the plaintiff, claiming that the defendant, to defraud her creditors, had sold the standing timber to one Wickstrom, applied for an injunction to restrain him from cutting and removing. On June 17, 1927, it was stipulated that a certain sum of $500, which was to be paid to Wickstrom by the Curry & Whyte Company, the purchaser of the timber from him, should be paid to the clerk of the district court, and thereupon the injunction should be denied. The $500 was deposited in accordance with the stipulation, and it is the money which the court refused to order paid to appellants.

The claim of the appellants to the $500 arises in this way: The time for the defendant to redeem from the sale of February 2, 1927, expired on February 2, 1928. She did not redeem. On February 2, 1928, the appellants sued her for attorneys' fees, attached the land, and filed a notice of intention to redeem as creditors having a lien. On February 7, 1928, they paid to the clerk of the court $217.84, the amount of the February 2, 1927, sale and interest, and received a certificate of redemption. They claim that their redemption gave them the title acquired at the execution sale and that they should receive the $500 because they have title. The redemption by a lien creditor transfers to the redemptioner the interest acquired under the sheriff's certificate by the purchaser. G. S. 1923 (2 Mason,

1927) § 9443; 3 Dunnell, Minn. Dig. (2 ed.) §§ 3540-3541a. The redemption was made before the second judgment of April 24, 1928, which was protected by the attachment lien. The order denying their motion was made and filed on April 7, 1928, and their appeal was taken on May 4, 1928. On the same day a like order was made on a like motion of the plaintiff, but there was no appeal.

It was the trial court's view that the facts presented did not make proper a final determination on motion of the rights of the parties to the land. In this it was right. If the appellants prevailed it was because their redemption from the judgment of February 2, 1927, gave them title to the land. It was necessary to determine the question of title in determining the right to the $500. It was desirable that the controversy between the parties be determined by a judgment which would definitely fix their rights, and their rights were dependent upon the title to land and not well determined upon a motion to withdraw money on deposit with the clerk. It was right to put the parties to a plenary action, or at least to require the framing of issues, which would result in a judgment definitely fixing their rights in the land.

Upon an examination of the original files, the printed record not being complete, it appears that on June 20, 1928, the land was sold on execution on the judgment of April 24, 1928, to the plaintiff for $785. It further appears that the appellants by a stipulation of July 10, 1928, withdrew the sum of $215.68, recited as the amount paid in redemption, and by the same stipulation the plaintiff withdrew a like sum, leaving but a part of the $500. Perhaps it should not be held that the parties have made their question moot, but the acts recited, all subsequent to the appeal, support the correctness of the trial court's ruling in refusing to determine the title on motion.

Order affirmed.