# DES MOINES JOINT STOCK LAND BANK v. HORTENSE DANICOURT AND OTHERS.[1]

March 4, 1932.

No. 28,747.

[1]Reported in 241 N. W. 393.

*Lewis E. Jones,* for appellant.

*John I. Davis, Tom E. Davis,* and *Allen & Whitfield,* for respondent.

HILTON, J.

On December 13, 1919, Hortense Danicourt was the owner of real estate in Wilkin county which was that day mortgaged by her and her husband to the Des Moines Joint Stock Land Bank (respondent) to secure the payment of a loan of $14,500. Respondent is a corporation organized under the federal farm loan act (12 USCA, § 811, et seq.) with its office at Des Moines, Iowa. The mortgage indebtedness was to be paid on the amortization payment plan in 65 semi-annual instalments of $507.50 each and one final instalment of $423.85 becoming due January 1, 1953. Notes were executed to the same effect. The principal note and the mortgage contained an acceleration clause empowering the mortgagee to declare the whole amount of the mortgage due for the failure to pay any instalment due. On October 1, 1924, the same mortgagors mortgaged the premises to the First National Bank of Breckenridge (appellant) to secure the payment of $3,265 then due it. On April 22, 1929, there remained unpaid on that mortgage the sum of $1,125.63.

The instalment due on January 1, 1929, was not paid, which default continued until about March 1, 1929, when respondent, believing it had the right to foreclose therefor without releasing its lien for the balance of the indebtedness, as provided by L. 1925, p. 351, c. 280, 2 Mason, 1927, § 9610, and in compliance with that act, foreclosed by advertisement as to the instalment in default and on April 20, 1929, bid in the land, subject to unpaid instalments, for $659.51. A sheriff's certificate of sale was executed and delivered to respondent on that date and filed four days later. The mortgagors did not redeem, but appellant as junior mortgagee did redeem on April 22, 1930, paying to the sheriff the sum of $911.21,

which included certain subsequently paid taxes. Appellant took possession of the premises and retained the same and now claims to be the owner thereof. Defendant Rezac became a tenant of appellant thereon.

The published notice of foreclosure sale stated that the sale would be made subject to the unpaid instalments and stated the amount thereof; the sheriff's certificate of the sale and the certificate of redemption given by him to appellant each recited that the sale had been made subject to the unpaid instalments, the amount thereof being stated.

In September, 1930, respondent brought this action to foreclose for the balance of its then mortgage debt ($12,802.44 and interest, taxes, and insurance) under L. 1925, p. 351, c. 280, 2 Mason, 1927, § 9610, declaring the whole amount due and payable. Pleadings were made and the issues tried on a stipulation of facts. Following findings of fact, to which no objections are made, and conclusions of law, the court ordered judgment in favor of respondent for $15,453.71 and adjudged and decreed that the mortgage be foreclosed by a sale of the premises. The judgment was entered on April 11, 1931. From it this appeal was taken on August 17, 1931. Pursuant to said judgment a sale was had on June 6, 1931, and the property bid in by respondent for $14,915.54, being $1,000 less than the amount actually recoverable.

At the time of the giving of the mortgage to respondent a mortgagee might foreclose upon an instalment past due, but such foreclosure exhausted the lien of the mortgage upon the land sold; the same land, unless there was a redemption, could be sold but once under the same mortgage; there could be a second sale to satisfy a subsequent instalment only when there remained land not sold at the first sale; and the mortgagee might bid in for the whole amount of the mortgage, although there were instalments not due and the money received in excess of the instalments due be applied on those to become due with a rebate of interest if they bore interest. Federal Land Bank v. Neff, 174 Minn. 520, 219 N. W. 914, and cases cited.

By L. 1925, p. 351, c. 280, 2 Mason, 1927, § 9610, provision was made whereby a mortgage made payable in instalments "may be taken and deemed to be a separate and independent mortgage and such mortgage for each such installment may be foreclosed by advertisement or by action, in the same manner and with like effect as if a separate mortgage were given for each of such installments, and such foreclosure may be made and sale had subject to the installments yet to become due upon the mortgage; and a redemption from any such sale shall have the like effect as if the sale for such installment had been made upon an independent subsequent mortgage."

Appellant's contention is that the law in force at the time the mortgage was given permitting only one foreclosure controls; that the mortgaged lands were released from the balance of the lien; that respondent could not foreclose under the terms of the 1925 law.

In the Neff case, 174 Minn. 520, 219 N. W. 914, the mortgage was, as here, given prior to the enactment of the 1925 law; and after such enactment a foreclosure was made by advertisement for two instalments past due, other instalments remaining unpaid; the mortgagee purchased at the sale. Prior to the expiration of the redemption period the mortgagee assigned the sheriff's certificate to one Briggs; no redemption was made. Later the mortgagee started an action to foreclose for the remaining instalments. The published foreclosure notice in the Neff case, as did the one here involved, recited that the sale was to be made subject to the unpaid instalments of said mortgage, stating amount. In that case the question of the constitutionality of the 1925 law was not passed upon, the court holding that as the notice of foreclosure sale provided that it would be subject and inferior to the unpaid balance of principal and interest and the certificate of sale contained a like provision, and the assignment of the sheriff's certificate also provided to the same effect, there was a contractual relationship established by means of which the subsequent instalments would have priority.

It has been held in this state that a redemption by a junior lien creditor operates as an assignment of the rights of a purchaser at

a real estate mortgage foreclosure sale; and the redemptioner is subrogated to such rights. 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 6423, and cases cited. Cole v. Hughes, 174 Minn. 180, 218 N. W. 889; Dickson v. Florman, 178 Minn. 161, 226 N. W. 410.

This case differs from the Neff case only in the circumstance that appellant, instead of being an assignee of the sheriff's certificate, is a redemptioner. Appellant had full knowledge of the situation; redeemed from a sale that had been made subject to the instalments remaining unpaid on respondent's mortgage, and accepted a redemption certificate so providing. Its rights here are no greater than were Briggs' in the Neff case. This conclusion is not only correct as a matter of law, but in a marked degree is in furtherance of justice and equity. Should appellant prevail, it would, for the payment of less than $1,000, acquire clear title to very valuable property and deprive respondent of any security for its just claim of over $15,000. In all good conscience the judgment in the lower court should stand. Peterson v. First Nat. Bank, 162 Minn. 369, 203 N. W. 53, 42 A. L. R. 1185.

Because of the conclusion reached it is not necessary for us to consider whether the 1925 law does any more than prescribe a remedy, which was within the power of the legislature to grant, and its constitutionality is not passed upon. The opinion of Sanborn, J. in Prideaux v. Des Moines J. S. L. Bank (D. C.) 34 F. (2d) 308, is of particular interest.

Judgment affirmed.